The motion, made in the court below, and upon which the case is brought here, is founded upon a misconception of the principle and effect of a nol. pros. entered by the prosecuting officer on an indictment. A bill of indictment was found against the defendant, and anolle prosequi was entered by the Attorney-General, and an alias capias
was issued against the defendant, under which he entered into a recognizance to appear at the succeeding term. No other bill upon the same charge was sent to the grand jury, and the Attorney-General announced his determination to send no other, but to try the defendant upon the bill then found. This was opposed on the part of the defendant, who moved to be discharged unless the Attorney-General proposed to send another bill against him for the matter charged in the first bill, or for some other alleged crime. The motion was overruled. The objection is founded upon the idea that, although the nol. pros. did not discharge the defendant from answering to the charge upon another indictment, it was an effectual discharge from any liability under the bill then found. A nol. pros. in criminal proceedings is nothing but a declaration on the part of the prosecuting officer that he will not at that (258) time prosecute the suit further. Its effect is to put the defendant without day; that is, he is discharged and permitted to leave the court without entering into a recognizance to appear at any other time (1 Ch. Cr. L., 480); but it does not operate as an acquittal, for he may afterwards be again indicted for the same offense, or fresh process may be issued against him upon the same indictment, and he be tried upon it. 6 Mod., 261; 1 Sal., 21. In S. v. Thompson, 10 N.C. 614, the Court *Page 178 
say the Attorney-General has a discretionary power to enter a nolleprosequi; and upon his motion the court ought to grant leave to issue analias capias, returnable to the next term. The abuse to which such a power, on the part of the prosecuting officer, is liable, is checked and restrained by the fact that a capias after a nol. pros. does not issue, as a matter of course, upon the mere will and pleasure of the officer, but upon permission of the court first had; and the court will always see that its process is not abused to the oppression of the citizen. In this case, although the record is silent as to the order of the court for this purpose, we must presume it was made under the principle that what is done by a court, competent to act in the matter, is rightly done.
There is no error in the interlocutory order made in the court below.
PER CURIAM. No error.
Cited: S. v. Swepson, 79 N.C. 641; S. v. Taylor, 84 N.C. 775; S. v.Smith, 129 N.C. 547; S. v. Williams, 151 N.C. 661; Wilkinson v.Wilkinson, 159 N.C. 267; S. v. Smith, 170 N.C. 744.
(259)