## THE STATE *v.* WILLIAM DAVIS.

On an indictment for an affray, a plea of *autrefois convict*, before a Justice of the Peace, "in his own proper township, and that no deadly weapon was used, and no bodily injury inflicted," is insufficient, when the complaint does not set forth that the offence was committed in the township of the Justice, or that the complaint was made by the party injured, as expressly required by the Act of 1868–'9, ch. 178, sub-ch. 4, secs. 6 and 7.

A Justice of the Peace may have final jurisdiction of that kind of an affray, which consists of the fighting by consent of two or more persons in a public place, but not that of kind which is committed by one or more persons making a display of deadly weapons with violent or threatening words, or by other similar means, calculated to terrify the people. In the latter sort of cases, as no one in particular is injured, there is no injured party to complain to the Justice, and he cannot have jurisdiction, except to bind over the party to the Superior Court.

In the Act of 1868–'9, ch. 178, sub-ch. 4, sec. 6, the provision "that the complaint shall not be made by collusion with the accused," does not apply to the case of a misdeameanor, such as a battery, where there is both a public wrong, and a private injury, and the party injured accepts from the aggressor satisfaction for his injury, but to the case where the complaint is not made *bona fide*, but under terror, or is induced by some fraudulent practice, or is for some fraudulent end. In such latter case the Justice should decline the final jurisdiction, and bind the offender over to the Superior Court.

The case of *State* v. *Johnson,* 64 N. C. Rep. 581, cited and approved.

The facts of this case are sufficiently stated in the opinion of the Court.

*Attorney General* and *F. H. Busbee,* for the State.
No counsel for the defendant.

RODMAN, J. The defendant was indicted with one Jones at Spring Term, 1870, of JOHNSTON Superior Court, before his Honor, *Watts, J.,* for an affray by fighting together in a public place. He pleaded a former conviction before a Justice of the Peace "in his own proper township, and that no

deadly weapon was used and no bodily injury inflicted." He produced in evidence in support of his plea, a transcript of the proceedings before a Justice, from which it appeared that the complaint to the Justice was made by one Gupton against both Davis and Jones, and it did not appear that the offence was committed in the township of the Justice; Davis was convicted and fined by the Justice; it did not appear that Jones was ever arrested or tried by the Justice. His Honor thought the plea sufficient and that it was sustained by the evidence, and directed the issue to be found for the defendant, from the judgment thereupon the State appealed.

We do not concur with his Honor. The plea was defective in two particulars; it did not set forth (nor did the transcript produced show) that the offence was committed in the township of the Justice, or that complaint was made by a party injured, both of which are expressly required by the Act of 1868-'69, (ch. 178, sub chapter 4, secs. 6-7.) This mere reference to the statute would be sufficient for the decision of this case. But the more general question was discussed at the bar, whether a Justice has jurisdiction of an affray for final judgment in any case. We think the question a plain one. The term affray means some disturbance of the public peace to the terror of the people. It may be by two or more persons fighting together by mutual consent in a public place, or by one or more persons making a display of deadly weapons with violent or threatening words, or by other similar means, calculated to terrify the people, although no assault is actually made on any person, and there is no actual breach of the peace. In the latter sort of cases, as no one in particular is injured, there is no injured party to complain to the Justice, and he cannot have jurisdiction, except to bind over to the Superior Court. In the case where two or more fight by mutual consent, each may be convicted of an assault and battery, consequently any one may complain against the others, and a case is presented in

which by the statute the Justice has jurisdiction. As was said in *State* v. *Johnson*, 64 N. C. 581, the evident object in requiring the complaint to be made by the injured party, is to prevent that an aggressor who has committed a serious battery should evade proper punishment by bringing the case before a Court having such limited power to punish. This provision of the statute is essential, as without it, the most flagrant crimes might escape under an abuse of the Justice's jurisdiction. Whereas, if the jurisdiction be assumed only upon the complaint of the injured party, there can be little danger that he will underestimate his own injuries, or bring his case before a Court inadequate fully to punish them.

For fuller understanding of the policy of the statute it may be proper to advert to another provision in sec. 6, viz: "that the complaint shall not be made by collusion with the accused." The law forbids and punishes the compromise of a felony, yet, there are many misdemeanors which although they are public wrongs, yet are also, and in an especial degree, wrong to a particular person, for which damages may be recovered in a private action. In this class of cases, especially when the offence to the public, is of a minor character, it has always been deemed permissable in weighing the punishment for the offence in a criminal action, to inquire whether or not the offender has made satisfaction to the party injured, and in order that he may do so, to allow him to speak with the prosecutor; and in case he has done so, to consider it in mitigation of the punishment. Sec. 1, Chit. Cr. Law, 430, 498, 665. 1 Leach 111. *Keir* v. *Leeman and Pearson*, 6 A. and E. N. S. 308, 51 E. C. L. R.

This practice has prevailed in this State; and the principle on which it is founded has not been interfered with by the statute. That the injured party has been induced to make the complaint before the Justice, by reason that he has received satisfaction from the offender, cannot be considered " collusion" within the meaning of the statute; for what the

law not only permits and sanctions, but encourages, and through a civil action enforces, can never be held an illegal collusion. The collusion which it was intended should exclude the final jurisdiction of a Justice, is an unlawful or fraudulent one ; as where the complaint is made not *bona fide,* but under terror, or is induced by some fraudulent practice, or is for some fraudulent end. In such case the Justice should decline the final jurisdiction, and bind the offender over to the Superior Court.

Judgment reversed and *venire de novo.*

PER CURIAM.                                   *Venire de novo.*