## STATE *v.* P. W. PERRY and MATTIE BRIGGS.

The Superior Courts were deprived of their jurisdiction over the offence of Fornication and Adultery, by the act of 1873-'74, chap. 176; and although a bill was found at the January Term, 1874, before that act was ratified, still the Court could not proceed with the trial.

(*State* v. *Davis*, 65 N. C. Rep. 299; *Griffin* v. *Ing*, 3 Dev. 358, cited and approved.)

INDICTMENT for fornication and adultry, tried before his Honor, *Judge Watts*, at the Spring Term, 1874, of WAKE Superior Court.

On the trial below, his Honor dismissed the indictment on motion of defendants holding that the Court did not have jurisdiction. Solicitor Cox appealed.

*Attorney General Hargrove*, for the State.
*Fuller & Ashe*, contra.

RODMAN, J. The case is this: At January Term, 1874, of Wake Superior Court the defendants were indicted for fornication and adultery.

At February Term, 1874, the sheriff returned the capias against Biggs (the female defendant) not to be found, and that against Perry executed. Perry then moved to dismiss the cause and quash the indictment for want of jurisdiction in the Court to try it. His Honor allowed the motion, and judgment was entered accordingly, from which the State appealed.

Two questions are raised:

1. Whether the Court at February Term, 1874, had jurisdiction to try the action under the several acts of Assembly relating to it.

2. Whether if it had jurisdiction when the bill was found, and had been deprived of it by an act of the Assembly, passed subsequently, but before the motion to dismiss and quash it could proceed to try the case, notwithstanding such act. To

determine the first question requires a chronological statement of the legislation on the subject.

By the law in force up to the ratification of the act of 1873–'74, which was on 16th February, 1874, and which took effect on its ratification, the offence described was a misdemeanor punishable by fine and imprisonment *at the discretion of the Court*, (Bat. Rev., chap. 32, sec. 46,) and, consequently, the Superior Court had exclusive jurisdiction of a criminal action to punish it.

By the act of 1873–'74, chap. 176, sec. 3, sec. 46 of chap. 32 of Bat. Rev. which makes fornication and adultery a criminal offence, was amended by adding to it these words: "The punishment for this offence shall not exceed a fine of fifty dollars, or imprisonment for one month." Now, the Constitution, Art. IV, sec. 33, enacts that, "Justices of the Peace shall have exclusive original jurisdiction *under such regulations as the General Assembly shall prescribe* * * * * of all criminal matters arising within their counties where the punishment cannot exceed a fine of fifty dollars or imprisonment for one month." As the act of 1873–'74 did enact that the punishment of the offence in question could not exceed the limit named in the Constitution, it would seem clearly to follow that by virtue of the act and the Constitution, the exclusive jurisdiction at once appertained to a Justice.

The Assembly had a right by regulations to prescribe under what circumstances the Justice should take jurisdiction, and what should be the forms of proceedings before him. If none had been previously prescribed, it was the duty of the Assembly to do so. If the Assembly had omitted to do so, the Justice would nevertheless under the Constitution have had jurisdiction under such forms as had been prescribed by common law, or by previous acts of Assembly.

The Assembly, however, by sec. 12 of the act of 1873–'74, did enact: "That chap. 33 of an act known as Battle's Revisal, shall be amended by adding thereto as follows: 'Justices of the Peace shall have jurisdiction to try, hear and determine *in*

*the manner prescribed in this chapter,* criminal actions for the offences described in sections,' &c., including section 46 of chapter 32 of Battle's Revisal."

Now it is contended that by the act, chap. 33 in Bat. Rev., sec 119, (act 1868–'69, chap. 178, sub. chap. 4, sec. 67, ratified 12th April, 1869,) the Assembly has prescribed the circumstances under, and the proceedings by which, a Justice shall exercise his jurisdiction over the offences over which by the Constitution he has jurisdiction; and that one of the circumstances prescribed is, that the complaint must be made by the party injured by the offence ; and that as by this offence as one in particular is injured, so that that form of proceeding cannot be complied with, therefore, a Justice cannot have jurisdiction of this offence at all. In answer to this :

1. As the Constitution prescribes that whenever the punishment of an offence shall not exceed a certain limit, a Justice shall have jurisdiction to try it; then, whenever the Assembly reduces the punishment below that limit, it follows that a Justice has jurisdiction, even although the Assembly should expressly declare that he should not have. The Constitution is superior to any act of Assembly.

2. But in this case the Assembly by the act of 1873–'74, has expressly declared that a Justice shall have jurisdiction in conformity to the Constitution, and if there be anything in the act of 1868–'69 which may be construed as contradicting the act of 1873–'74, in that respect it is repealed *pro tanto* by the last act, or must be construed in harmony with it. The last act must have its way, anything in prior acts to the contrary notwithstanding.

3. It is easy and natural to construe the provision in the act of 1868–'9, requiring complaint to be made by the party injured, so as to harmonize it with the act of 1873–'4, by holding that complaint must be made by such person, when such person exists, but if from the nature of the offence, there can be no person particularly injured and thus qualified to com-

plain, the Justice may issue the warrant on the complaint of any person, or upon his own knowledge.

When there are several statutes relating to the same subject, and referring to each other, the several statutes are construed as if they formed but one, giving due force to the latest expression of the legislative will, as qualifying former ones, for, as a later statute may repeal, it can of course qualify a former one. By applying this familiar rule of statutory construction, all the various statutes are harmonized.

The Constitution has its full force: The act of 1868–'69, has its full force as to all offences originally embraced in it; and the act of 1873–'4, has its full force, except that as to this particular offence, the more general intent that a Justice shall have jurisdiction, prevails over the particular intent as to the form with which it shall be exercised. This rule that the general intent prevails over the particular one is familiar in the construction of all instruments.

4. To give any other construction to these two statutes would be to make the last as far as concerns this offence, totally null, and of no meaning, whereas the Assembly did certainly have a meaning, and there can be no doubt that its meaning was to give a Justice jurisdiction of this offence.

In *State* v. *Davis*, 65 N. C., 299, it was held that under the act of 1868–'9, a Justice had jurisdiction of an affray which consisted of mutual assaults and batteries, because jurisdiction was given of assaults, if a party injured complained, and in such case there was a party injured who might complain. But a Justice had no jurisdiction of an affray where there was no party specially injured, and therefore no one who as such could complain, as in a case of persons riding riotously through a town. This was because the act did not give jurisdiction of affrays *eo nomine*, but only of assaults, &c. If the act had given jurisdiction of affrays *eo nomine*, then the question would have arisen, which arises in this case: Whether when the Constitution comes into play, and gives jurisdiction, by the completed condition of a legislative act limiting the punishment, that is

not to be supreme over all inconsistent legislative provisions as to forms and circumstances. For these reasons, the *State* v. *Davis* has no bearing on this question.

II. Assuming as we think was clearly the case, that the Court had jurisdiction when the bill was found ; but had been deprived of it by the act of 1873–'4, as we think was also the case when the motion to dismiss was made.

We think it clear that the Court could not proceed any farther in the case. The Attorney General argues that costs having been rightfully incurred by the State, it had a right to go on with the trial and recover the costs against the defen dants. But the State had a right to remit these costs, and the question comes back, whether the effect of the act was to deprive the Court of jurisdiction. It is difficult to see how a Court can proceed to try an offence after it has been deprived of jurisdiction to that end.

*Griffin* v. *Ing*, 3 Dev., 358, was cited by the Attorney Gen eral on this point. We think that case an authority against his position. In that case the Court says : " Nor can a general jurisdiction be ousted but in plain words or as plain implication. Such an implication I should deem to arise if a special Court were constituted to try conclusively and finally, a particular set of controversies."

A Court which has lost jurisdiction of a case, is thenceforth in the same position as if it never had it. But as there is not any difference of opinion on this point, it is unnecessary to elaborate it.

PER CURIAM.                                          Judgment affirmed.