## STATE *v.* ALEXANDER QUICK.

A Justice of the Peace has jurisdiction to hear, try and determine the offence of keeping an unlawful fence.

Upon an appeal from the judgment of a Justice in such cases, it is unnecessary that the defendant should be tried upon an indictment found by a grand jury.

(*State* v *Perry* and *Briggs*, 71 N. C. Rep. 522, cited and approved.)

CRIMINAL ACTION, (keeping an unlawful fence in crop time,) tried before *Buxton, J.*, at the Fall Term, 1874, of CUMBERLAND Superior Court.

The action originally commenced in the Court of a Justice of the Peace, upon the complaint of one Sikes, August 31st, 1874. The Justice, taking final jurisdiction, fined the defendant $5.00, from which judgment, he appealed to the Superior Court.

The complaint filed in the Justice's Court, contains the sworn statement, " *that this complaint is made by the party injured by the offence.*" And upon the trial in the Superior Court, had upon the original papers, i. e. without any indictment being found by the grand jury, upon the plea of " not guilty," before the petit jury, it was admitted that the defendant kept an unlawful fence around his cultivated fields, in the county of Cumberland, in the crop time, during the month of June, 1874, and on the part of the State it was admitted that the prosecutor, Sikes, had received no injury by reason of the unlawful condition of the defendant's fence, and that there was no proof made before the Justice of any such injury.

Upon the facts thus agreed, the defendant insisted that he was entitled to an acquittal, because under chap. 33, sec. 119, Bat. Rev., as amended by the act of 16th Feb. 1874, (Laws 1873-'74, chap. 176,) it was still necessary both to allege in the complaint and to prove before the Justice, that the complaint " *is made by the party injured by the offence ;*" that while the allegation is in the complaint, there was no corresponding proof, so that the Justice had no right to take final jurisdiction of the case and render the judgment appealed from ; and further, that the Superior Court ought to dismiss the case, or enter a verdict of acquittal, or in some way discharge the defendant.

For the State it was insisted that the offense charged was one, not necessarily injurious to any particular individual, and so came within the decision in *Perry and Briggs' case*, 71 N. C. Rep. 522 ; and that the Justice could have issued the warrant on the complaint of any one, or upon his own knowledge.

The jury, upon the facts admitted and under the direction of his Honor, rendered a verdict of " *guilty.*"

The defendant moved in arrest of judgment, that the trial in this court being *de novo*, the grand jury ought to have passed upon the case before submitting it to the petit jury. Motion overruled. Judgment and appeal by the defendant.

*Guthrie*, for appellant.
*Attorney General Hargrove*, for the State.

READE, J. The first point made by the defendant is that the Justice of the Peace had no jurisdiction "to hear, try and determine the cause," because the complaint was not made by the "party injured by the offense."

It is true that the statute does require, as one of the requisites to give a Justice of the Peace jurisdiction that the "party injured" shall complain. And when there is a party injured he must complain, else the Justice has no jurisdiction. But how is it in a case which has all the requisites to give the Justice jurisdiction except that the injured party does not complain, and that requisite is wanting because there is no injured party except in the sense that everybody, the public, is injured? In such case it would seem that any person ought to be allowed to complain ; for in a general sense he is a party injured. As in this case the offense charged is, keeping an unlawful fence, which is an offense against the public, and of "evil example," although no person may suffer any particular or private injury. This view is sustained by what is said in *State* v. *Perry & Briggs*, 71 N. C. R. 522.

II. The second point is that after the cause was taken to the Superior Court by the defendant's appeal from the judgment of the Justice of the Peace, he could not be put on trial in the Superior Court, unless "on indictment found by the grand jury." This objection is founded upon Battle's Revisal, chap. 33, sec. 62, "No person shall be arrested on a presentment of the grand jury ; or put on trial before any court but on indictment found by the grand jury." And upon chap. 33, sec. 124, "In all cases of appeal (from a judgment of the Justice of the

Peace,) the trial shall be anew, without prejudice from the former proceedings."

And the defendant insists that as he could not be tried in the Superior Court in a case originally there, except upon indictment found; and as he was to be tried " anew " upon the appeal, without prejudice from the proceedings before the Justice; it follows that he could not be tried in the Superior Court upon the appeal, unless a bill had been sent to the grand jury and found to be true. This was a new point and was forcibly put by the defendant's counsel; but still we think the position cannot be maintained.

It is not the statute alone that gives the Justice of the Peace jurisdiction and deprives the defendant of a constitutional right of trial by jury; but it is the Constitution itself which gives the jurisdiction. Con. Art. 4, s. 33. And the statute aforesaid which gives the right of appeal and a trial " anew " in the Superior Court does not mean that the complaint and the warrant and the arrest preliminary to his trial before the Justice shall all go for nothing, and in the Superior Court there must be a new complaint and a new arrest and a new trial; but only that the " *trial* " shall be " anew."

There is no error.

PER CURIAM.                                    Judgment affirmed.