STATE *v.* PETER PRESLY.

The Superior Courts have concurrent jurisdiction with Justices of the Peace of the offence of entering on land after being forbidden so to enter. If complaint is not made by some person within six months from the commission of the offense, a Justice has no jurisdiction, and its cognizance is left to the Superior Court.

(*State* v. *Briggs and Perry*, 71 N. C. Rep. 522, cited and approved.)

INDICTMENT, for criminal trespass on the land of the prosecutor, and cutting trees thereon, tried at the Fall Term, 1874, of UNION Superior Court, before his Honor *Buxton, J.*

The Grand Jury found a true bill against the defendant at Fall Term, 1873. On the trial, Fall Term, 1871, the defendant moved to dismiss the indictment for want of jurisdiction in the Superior Court to try the same, contending that the jurisdiction was taken from the Court by the Act of 1873–'74, chap. 176, and that the offense was now only cognizable in a Justice's Court.

The Solicitor resisted the motion, and insisted that the Superior Courts had concurrent jurisdiction; that the Act of 1873–'74, by not repealing the whole of sec. 116, chap. 33 of Battle's Revisal, but only sub-division 1 of that section, leaving sub-divisions 2 and 3 undisturbed, made it necessary still, in order to give Justices of the Peace final jurisdiction, that the requisites contained in sub-divisions 2 and 3, should be complied with. It was further insisted on the part of the State, that more than *six* months having elapsed since the commission of the offense, if the case was dismissed, no Justice could now assume jurisdiction.

The motion to dismiss was overruled, and the defendant excepted.

On the trial the Jury returned a verdict of guilty. Judgment and appeal by defendant.

*No counsel*, for defendant.

*Attorney General Hargrove* and *Josiah Collins*, for the State.

RODMAN, J. The defendants were indicted at Fall Term, 1873, of the Superior Court of Union county, for entering on the lands of the prosecutor after having been forbidden to do so, and carrying away certain timber found thereon. The offence is charged to have been committed on January 1st, 1873. The trial took place at Fall Term, 1874, which began on the 5th October. The defendant moved to dismiss the bill for want of jurisdiction in the Court, contending that exclusive jurisdiction of the offence had been given to a Justice of the Peace. The Court refused the motion, and the defendant Presly was convicted and fined, and he appealed. The provision in Art. IV, of the Constitution, concerning the jurisdiction of the Superior Court and Justices of the Peace, is too familiar to require more than this general reference.

The Act of 1866, chap. 61, (Bat. Rev. chap. 32, sec. 116,) created the offence in question and declared that it should be a misdemeanor; and further declared that if any one, not being the owner or *bona fide* claimant of lands, should unlawfully enter thereon and carry off wood, &c., he should be deemed guilty of larceny   This Act left the punishment discretionary with the Court, and consequently the Superior Court alone had jurisdiction to try the offence. By the Act of 1868–'69, chap. 178 (Bat. Rev. chap. 33, sec. 114, &c.,) it was enacted that Justices of the Peace should have jurisdiction to hear, try and determine, in the manner prescribed in that chapter, criminal actions for several described offences, among which, in sec. 116, are " indictable trespasses on real or personal property, when the punishment, imposed by law, does not exceed fifty dollars fine, or one month's imprisonment." As this Act does not alter the punishment of the offence in question, but left it still discretionary, it gave no final jurisdiction.   The Act of 1873–'74, chap. 176, sec. 8, ratified 10th day of February, 1874, amends chap. 61, of the Act of 1868, (Bat. Rev., chap. 32, sec. 116,) by adding thereto " the punishment of this offence, shall not exceed a fine of fifty dollars, or imprisonment for one month.   Under this Act and the

clause in the Constitution, above referred to, it seems clear that a Justice must have exclusive jurisdiction unless the grant of it be qualified and limited by the provisions of the Act of 1868–'69, chap. 178, by which the jurisdiction of a Justice is made contingent upon several conditions, two of which are that the complaint shall be made by the party injured, and within six months after the commission of the offence. This condition is expressly retained by sec. 13 of the Act of 1873–'74, chap. 176.

In the case of *State* v. *Perry and Briggs,* 71 N. C. Rep., 522, the Court held that where the maximum punishment of an offence was reduced within the limits of a Justice's jurisdiction if the offence was one by which, from its nature, no person was particularly injured, (as in that case the offence of Fornication and Adultery), inasmuch as the Act positively and expressly gave a Justice jurisdiction, the requirement that the party injured must complain, was impossible and did not apply. The general intent expressly declared to give a Justice jurisdiction was held to override the subordinate provisions as to the complainant, which could not be enforced without making the Act nugatory. But it is not then said that if complaint before a Justice, be not made by some person within six months, the Superior Court is excluded of its jurisdiction. In cases of the nature of the present, there is a person particularly injured, and if that person omits to complain to a Justice within six months, the Justice can have no jurisdiction for the condition precedent to it has not occurred. It differs in that respect substantially from *State* v. *Perry and Briggs.*

It is not our duty in any case to indicate or even enquire into the policy of an act of the Legislature, except so far as a consideration of its policy will aid us in ascertaining the legislative intent.

With this view we have heretofore stated, what in our opinions probably were the reasons which influenced the Legislature in passing the act under consideration. To take assaults

and trespasses on land, as examples for illustration : If universal jurisdiction of these offences were given to justices, many outrageous cases would necessarily escape with a nominal and inadequate punishment. If on the other hand jurisdiction of all such offences was confined exclusively to the Superior Court, the evils which are recited in the preamble of the act of 1873-'74, as the inducement to its enactment would follow. It seems impossible in the nature of things to draw any line, which without a reference to the particular circumstances of each case, will certainly distinguish the light, from the grave, in offences to the person or property. And a discretion to draw such line in such case could not be safely left to the justice and much less to the offender. To obviate both these evils it seemed to the Legislature expedient to leave the election of a tribunal to the party injured in all cases where the injury partook of a private as well as of a public character, and where some person was especially injured. If such person thought the injury trifling he was allowed to vindicate the public peace and his own wrongs in a summary way, by proceedings before a justice. If however he thought that a punishment adequate to the purposes of justice, was not within the power of a justice he was permitted to omit any complaint before a justice and to prosecute in the Superior Court, where the punishment would be such as in the opinion of the judge, was adequate to the offence. The policy seems to have been : for trifling offences a cheap and summary process, with a moderate punishment ; and for grave offences, a more deliberate and expensive process and if required, a graver punishment. The constitution gave jurisdiction to justices under such rules and regulations as the Legislature should prescribe. The act of 1868-'69 was a contemporaneous exposition of the meaning of the clause. The Assembly considered that this power to make rules and regulations, was not confined to prescribing forms of process and procedure, but enabled it to make the jurisdiction of justices conditional on the action of the injured party within a

certain time.    This Court has in several cases concurred in this opinion, and it is too late now to question it.

There is no error.    Judgment affirmed.    Let this be certified, &c.

PER CURIAM.                                Judgment affirmed.