ROBERT ALLEN PERSON v. JOE W. GARRETT, COMMISSIONER OF MOTOR VEHICLES

No. 121

(Filed 15 December 1971)

1. **Automobiles § 2— revocation of license — two convictions of reckless driving within a 12-month period**
   The statute authorizing the mandatory revocation of a driver's license upon two convictions of reckless driving within a twelve-month period was not repealed by the subsequently enacted statute authorizing the discretionary suspension of a driver's license upon one or more convictions of reckless driving and one or more convictions of speeding in excess of 55 mph and not more than 75 mph, within a twelve-month period. G.S. 20-16(a)(9); G.S. 20-17(6).

2. **Statutes § 5— statutory construction**
   The intent of the legislature controls the interpretation of a statute.

3. **Statutes § 5— statutory construction — enactment of another statute on same subject**
   A statute is not deemed to be repealed merely by the enactment of another statute on the same subject; the later statute on the same subject does not repeal the earlier if both can stand, or where they are cumulative, and the court will give effect to statutes covering the same subject matter where they are not absolutely irreconcilable and when no purpose of repeal is clearly indicated.

4. **Statutes § 5— repeal by implication**
   Repeal of statutes by implication is not favored in this jurisdiction.

**5. Statutes § 5— statutory construction**

The language of the statute will be interpreted to avoid absurd consequences.

APPEAL by plaintiff from *Hobgood, J.,* 12 July 1971 Criminal Session of WAKE Superior Court.

The facts pertinent to decision of this appeal are, in substance, as follows:

Prior to the events hereinafter set forth, the North Carolina Department of Motor Vehicles issued to plaintiff a valid vehicle operator's license. Prior to 16 June 1971, plaintiff was charged and convicted on two different occasions with operating a motor vehicle in a careless and reckless manner, which offenses occurred within a twelve months period of time. By letter dated 7 June 1971, the North Carolina Department of Motor Vehicles notified plaintiff that his operator's license was to be revoked for one year, beginning at midnight, 16 June 1971, because of the two convictions, pursuant to G.S. 20-17(6).

Plaintiff brought this action on 8 June 1971 to restrain the Department from revoking his operator's license on the ground that the Department was without power to make such revocation.

The trial judge, sitting without a jury, heard the case on an agreed statement of facts, entered conclusions of law, and adjudged that the order of the Commissioner of Motor Vehicles revoking the driving privileges of plaintiff be affirmed. Plaintiff appealed.

This case is before this Court pursuant to our general referral order effective 1 August 1970.

*Davis & Sturges, by Charles M. Davis, for plaintiff.*

*Attorney General Morgan, Assistant Attorney General Melvin and Assistant Attorney General Ray for defendant.*

BRANCH, Justice.

[1]  The sole question presented by this appeal is whether the enactment of G.S. 20-16(a)(9) repealed G.S. 20-17(6). We quote pertinent portions of G.S. 20-17 and G.S. 20-16:

§ 20-17. Mandatory revocation of license by Department.—The Department shall forthwith revoke the license

of any operator or chauffeur upon receiving a record of such operator's or chauffeur's conviction for any of the following offenses when such conviction has become final:

. . . .

(6) Conviction, or forfeiture of bail not vacated, upon two charges of reckless driving committed within a period of twelve months.

§ 20-16. Authority of Department to suspend license.— (a) The Department shall have authority to suspend the license of any operator or chauffeur with or without preliminary hearing upon a showing by its records or other satisfactory evidence that the licensee:

. . . .

(9) Has, within a period of twelve (12) months, been convicted of two or more charges of speeding in excess of fifty-five (55) and not more than seventy-five (75) miles per hour, or of one or more charges of reckless driving and one or more charges of speeding in excess of fifty-five (55) and not more than seventy-five (75) miles per hour;

. . .

The portion of G.S. 20-16 which defendant contends repealed G.S. 20-17(6) was enacted by the General Assembly of 1947 as a portion of Chapter 1067 entitled "An Act to make the streets and highways of North Carolina safe for pedestrians and the motoring public." In its statement of intent, § 1(d) of that chapter, the General Assembly stated:

To guarantee to motorists and pedestrians the safe use of the streets and highways of the State is the purpose of the General Assembly in enacting this Act.

[2-5] Decision in this case is controlled by certain rules of statutory construction, viz: The intent of the legislature controls the interpretation of a statute. *State Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22; *Shue v. Scheidt,* 252 N.C. 561, 114 S.E. 2d 237. A statute is not deemed to be repealed merely by the enactment of another statute on the same subject. The later statute on the same subject does not repeal the earlier if both can stand, or where they are cumulative, and the court will give effect to statutes covering the same subject matter where they are not absolutely irreconcilable and when

no purpose of repeal is clearly indicated. 82 C.J.S., Statutes, § 292, p. 497. Repeal of statutes by implication is not favored in this jurisdiction. *State v. Hockaday,* 265 N.C. 688, 144 S.E. 2d 867; *State v. Lance,* 244 N.C. 455, 94 S.E. 2d 335. The language of the statute will be interpreted to avoid absurb consequences. *Hobbs v. Moore County,* 267 N.C. 665, 149 S.E. 2d 1; *State v. Burell,* 256 N.C. 288, 123 S.E. 2d 795.

Here, it should be noted that the portion of Chapter 1067 of the 1947 Session Laws which defendant contends repealed G.S. 20-17(6) in fact amended G.S. 20-16, the *permissive* statute allowing suspension of operator's license by the Department of Motor Vehicles for certain causes. G.S. 20-16(a)(9) neither amends nor refers to G.S. 20-17, which is the statute providing for the *mandatory revocation* of operator's license by the Department of Motor Vehicles for states causes.

The provisions contained in G.S. 20-17(6) were enacted by the General Assembly of 1935 and today remain in the General Statutes as originally enacted. It would be more than passing strange for the legislature to allow this section to remain in the General Statutes for a period of twenty-four years if the legislature had intended to repeal it. Further, reckless driving is one of the more serious motor vehicle violations, and it would strain one's credulity to conclude that the legislature, by implication, intended to repeal the provision of G.S. 20-17(6) requiring mandatory revocation for conviction of two offenses of reckless driving within a period of twelve months by the vehicle of legislation which sought to guarantee safety on the streets and highways. Such interpretation produces an absurd result.

We concede that the two statutes relate to some of the same subject matter; however, such subject matter is merely cumulative. We cannot find a clear indication of intent to repeal G.S. 20-17(6) in any of the provisions of G.S. 20-16(a)(9).

The judgment entered by the trial judge is

Affirmed.