BETTY W. ANDREWS, WIDOW, AND GUARDIAN AD LITEM OF SYLVIA DENISE
    ANDREWS, MINOR CHILD, DOLF OTIS ANDREWS, DECEASED, EMPLOYEE v.
    NU-WOODS, INC., EMPLOYER, AND INTERNATIONAL INSURANCE CO.,
    CARRIER, DEFENDANTS

No. 7810IC854

(Filed 6 November 1979)

**Master and Servant § 69— workmen's compensation death benefits—maximum
    weekly benefit**
       The amendment to G.S. 97-29 by Ch. 1103 of the 1973 Session Laws,
    governing the maximum weekly workmen's compensation benefit, applies to
    G.S. 97-38 so that G.S. 97-38 no longer limits recovery for death claims to
    $80.00 per week.

       Chief Judge MORRIS dissenting.

APPEAL by defendants from order of North Carolina In-
dustrial Commission entered 19 July 1978. Heard in the Court of
Appeals 30 May 1979.

This appeal brings to the Court a question involving death
benefits under the Workmen's Compensation Act. The facts are
not in dispute. It was stipulated and the Hearing Commissioner
found that the deceased was injured in an accident arising out of
and in the course of his employment with Nu-Woods, Inc. on 20
February 1977. On 26 February 1977, he died as a result of the in-
juries received. The plaintiffs were the only persons wholly or
partially dependent on the deceased who had an average weekly
wage of $420.28. At the time of the hearing, the defendants were
paying $80.00 per week to Betty W. Andrews for her and Sylvia
Denise Andrews' use. The Hearing Commissioner concluded the
plaintiffs are entitled to payments of $158.00 per week for a
period of 400 weeks commencing 26 February 1977. The defend-
ants were ordered to pay this amount with credit given to the
defendants for all payments made at the rate of $80.00 per week.
The defendants appealed to the full Commission which affirmed
the judgment of the Hearing Commissioner.

*Hatcher, Sitton, Powell and Settlemyer, by Steve B. Set-
tlemyer, for plaintiff appellees.*

*Hedrick, Parham, Helms, Kellam and Feerick, by Hatcher
Kincheloe, for defendant appellants.*

WEBB, Judge.

The decision in this case depends on the interpretation of certain sections of the Workmen's Compensation Act. G.S. 97-29 provides for compensation rates for total incapacity. This section contains a sentence which says: "If death results from the injury then the employer shall pay compensation in accordance with the provisions of G.S. 97-38." G.S. 97-38 provides that death benefits shall not be more than $80.00 per week for four hundred weeks. The following amendment to G.S. 97-29 was adopted and is found in the 1973 Session Laws, Chap. 1103:

> Section 1. G.S. 97-29 is hereby amended by adding to the end of such section a new paragraph to read as follows: Notwithstanding any other provision of this Article, beginning August 1, 1975, and on August 1 of each year thereafter, a maximum weekly benefit amount shall be computed. The amount of this maximum weekly benefit shall be derived by obtaining the average weekly insured wage in accordance with G.S. 96-8(22) and by rounding such figure to its nearest multiple of two dollars ($2.00), and this said maximum weekly benefit shall be applicable to all injuries and claims arising on and after November 1 following such computation. Such maximum weekly benefit shall apply to all provisions of this Chapter effective August 1, 1975, and shall be adjusted August 1 and effective October 1 of each year thereafter as herein provided.

> Section 2. This act shall become effective October 1, 1975, and shall only apply to cases arising on and after October 1, 1975.

The question posed by this appeal is whether this amendment to G.S. 97-29 governs all provisions of the Chapter so that G.S. 97-38 no longer limits recovery for death claims to $80.00 per week. We hold that the amendment applies to G.S. 97-38 so that the plaintiffs in this case are not limited in their recovery to $80.00 per week. The amendment says it "shall apply to all provisions of this Chapter." This would include G.S. 97-38. To say that G.S. 97-38 is not governed by this amendment would, we believe, be contrary to the will of the General Assembly as expressed in the plain words of the statute. We are strengthened in this conclusion by an amendment to the Act which was adopted by the General

Andrews v. Nu-Woods, Inc.

Assembly. As originally introduced, the bill did not include the clause "and this said maximum weekly benefit shall be applicable to all injuries and claims arising on and after November 1 following such computation." By adding the phrase which makes the benefits applicable to all claims, we believe the General Assembly again expressed an intention to include death claims.

The appellants contend the amendment to G.S. 97-29 is ambiguous and can be reconciled with G.S. 97-38 so that the $80.00 per week maximum of G.S. 97-38 need not be disturbed. They contend first that in adopting this amendment the General Assembly placed it in a section of the Workmen's Compensation Act headed "Compensation rates for total incapacity." They contend this shows the General Assembly did not intend for it to affect death claims. They also contend the General Assembly was aware the Workmen's Compensation Act provides for separate claims for disabilities and for deaths and by not specifically mentioning death claims, it did not intend to include them in this amendment. In light of the statute which says the benefits shall apply to "all provisions of this Chapter," we believe we would have to ignore the plain words of the statute to accept the argument of appellants.

Affirmed.

Judge ERWIN concurs.

Chief Judge MORRIS dissents.

Chief Judge MORRIS dissenting.

I do not agree that subscribing to appellant's position requires ignoring the plain words of the statute. On the contrary, in my opinion, the plain wording of the statute requires the interpretation for which appellants contend.

G.S. 97-38 is entitled "Where death results proximately from the accident; dependents; burial expenses; compensation to aliens; election by partial dependents", and provides, in pertinent part,

"If death results proximately from the accident and within two years thereafter, or while total disability still continues and within six years after the accident, the employer shall

pay or cause to be paid, subject to the provisions of other sections of this Article, weekly payments of compensation equal to sixty-six and two-thirds percent (66 2/3 %) of the average weekly wages of the deceased employee at the time of the accident, but not more than eighty dollars ($80.00), nor less than twenty dollars ($20.00), per week, and burial expenses not exceeding five hundred dollars ($500.00), to the person or persons entitled thereto as follows:".

G.S. 97-29 is entitled "Compensation rates for total incapacity". It provides for the same maximum compensation—$80.00 per week—as G.S. 97-38. The last paragraph of this statute contains the language which is the subject of this appeal, and provides as follows:

"Notwithstanding any other provision of this Article beginning August 1, 1975, and on August 1 of each year thereafter, a maximum weekly benefit amount shall be computed. The amount of this maximum weekly benefit shall be derived by obtaining the average weekly insured wage in accordance with G.S. 96-8(22) and by rounding such figure to its nearest multiple of two dollars ($2.00), and this said maximum weekly benefit shall be applicable to all injuries and claims arising on and after November 1 following such computation. Such maximum weekly benefit shall apply to all provisions of this Chapter effective August 1, 1975, and shall be adjusted August 1 and effective October 1 of each year thereafter as herein provided."

It would appear that the Commission's award implies that the maximum amount provided in G.S. 97-38 is in irreconcilable conflict with the provisions of G.S. 97-29 above set out and, therefore, the provision of G.S. 97-38 is repealed by implication. Two cardinal principles of statutory construction should be noted: "Repeal of statutes by implication is not favored in this jurisdiction." *Person v. Garrett, Commissioner of Motor Vehicles,* 280 N.C. 163, 166, 184 S.E. 2d 873, 874 (1971). Where statutes which cover the same subject matter are not absolutely irreconcilable, and where no intent to repeal is clearly indicated, the Court has a duty to give effect to both. *Id.; see Highway Commission v. Hemphill,* 269 N.C. 535, 153 S.E. 2d 22 (1967).

Andrews v. Nu-Woods, Inc.

Obviously G.S. 97-38 is clear and unambiguous on its face. That is not true with respect to the quoted portion of G.S. 97-29. It is ambiguous and subject to interpretation. However, a study of the two statutes and other related statutes necessarily leads to the conclusion that the quoted provisions of G.S. 97-29 were intended to apply to disability claims only. This interpretation resolves any conflict which might exist between the two statutes and allows each to be given meaning.

We note that the 1973 General Assembly changed the maximum benefits of both G.S. 97-29 and G.S. 97-38 from $56.00 to $80.00. In the Act accomplishing that amendment, each statute was amended separately. The quoted portion of G.S. 97-29 was added later by the same session of the General Assembly. Had it been the intent of the General Assembly that that provision be applicable to death benefits, the same language added to G.S. 97-29 could have easily been added to G.S. 97-38 as was done when the maximum benefit provision was amended, with the amending language engrafted on each statute separately.

Additionally, the phraseology used in the quoted portion of G.S. 97-29 clearly refers to compensation for total disability. The phrase "maximum weekly benefits" appears only in the section of the Act dealing with total incapacity and is not defined anywhere in the Act. It is applicable to "all injuries and claims arising on and after November 1 following such computation." A fair interpretation of this language would be that it is applicable to "all injuries and claims therefor". That the provision was not intended to apply to death benefits is also indicated by the specific language of G.S. 97-29: "If death results from the injury then the employer shall pay compensation in accordance with the provisions of G.S. 97-38."

The intent of the General Assembly seems clear. It is our duty to apply the statute in such a manner as to carry out that intent. This, in my opinion, requires that the order of the Commission be reversed.