In re James Franklin HARE, III, Debtor.

Bankruptcy No. M–83–00090–8.

United States Bankruptcy Court,
E.D. North Carolina.

July 13, 1983.

Stephen L. Beaman, Wilson, N.C., represented himself as trustee.

Robert E. Fuller, Jr., Goldsboro, N.C., for debtor.

## MEMORANDUM OPINION AND ORDER

A. THOMAS SMALL, Bankruptcy Judge.

This matter is before the Court upon the application filed on February 3, 1983, of Stephen L. Beaman, Trustee, objecting to exemptions claimed by the Debtor. A hearing was held at Raleigh, North Carolina, on June 13, 1983.

The Debtor filed a chapter 7 bankruptcy petition on January 14, 1983. At the time of the filing of the petition, the Debtor was an employee of Cherry Hospital in Goldsboro, North Carolina, and was entitled to participate and was a participant in the North Carolina State Employees Retirement System. Stephen L. Beaman was appointed Trustee on January 19, 1983. In the Debtor's Schedule B-4—Property Claimed as Exempt, the Debtor claimed the following property as exempt: 1) cash on hand in the amount of $25.00; 2) deposits totaling $385.00; 3) household goods valued at $2,000.00; 4) wearing apparel valued at $350.00; 5) an automobile valued at $1,000.00; 6) a house and lot valued at $3,000.00; 7) cash surrender value of insurance in the amount of $200.00; 8) Federal and State income tax refund for 1982 in the amount of $250.00; and 9) North Carolina Employee Retirement Funds in the amount of $3,500.00. The Debtor has specified N.C.G.S. § 1C–1601(c) as the statute creating the exemption for all of the property claimed as exempt. The first eight of these claimed exemptions exhaust the exemptions granted to the Debtor under N.C.G.S. § 1C–1601(c).

N.C.G.S. § 1C–1601(c) does not create an exemption in retirement funds and the Court assumes with respect to the 9th item claimed as exempt that the Debtor is proceeding under N.C.G.S. § 135–9 which provides as follows:

> The right of a person to a pension, or annuity, or a retirement allowance, to the return of contributions, the pension, annuity or retirement allowance itself, any optional benefit or any other right accrued or accruing to any person under the provisions of this Chapter, and the moneys in the various funds created by this Chapter, are hereby exempt from any State or municipal tax, and exempt from levy and sale, garnishment, attachment, or any other process whatsoever, and shall be unassignable except as in this Chapter specifically otherwise provided. N.C.G.S. § 135–9.

The Trustee contends that N.C.G.S. § 1C–1601(c) contains the only exemptions allowed by North Carolina law and that N.C.G.S. § 1C–1601(c) precludes the use of N.C.G.S. § 135–9 by a bankruptcy debtor to claim an exemption in North Carolina State employee retirement benefits.

Section 522(b) of the Bankruptcy Code permits a debtor to choose between the exemptions provided by applicable state and non-bankruptcy federal law and the federal bankruptcy exemptions in § 522(d) unless applicable state law expressly denies debtors that choice. If a state does "opt-out" of the § 522(d) exemptions, the debtors in that state are limited to the exemptions provided by state law and federal non-bankruptcy law. § 522(b)(1). N.C.G.S. § 1C–1601(f) denies North Carolina residents the option of claiming the federal bankruptcy exemptions in § 522(d) of the Bankruptcy Code.

In 1981, the North Carolina General Assembly enacted N.C.G.S. §§ 1C–1601–1604, the North Carolina Exemptions Act. The Act provided both a new set of exemptions and a procedure for designating them. It repealed N.C.G.S. §§ 1–369 through 1–392 which had provided the method for claiming the exemptions of Article X of the North Carolina Constitution. The Article and the repeal of §§ 1–369 to 1–392 was originally made effective October 1, 1981, but the effective date was postponed on October 9, 1981 to January 1, 1982. N.C.G.S. §§ 1C–

1601–1604 were amended in June, 1982, effective September 1, 1982. The 1982 amendment dealt with terminology, waiver, excepted claims and procedure.

N.C.G.S. § 1C–1601(a) lists the exemptions granted by the Article. Section 1C–1601(f) states that: "The exemptions provided in the Bankruptcy Act, 11 U.S.C. § 522(d), are not applicable to residents of this State. The exemptions provided by this Article shall apply for purposes of the Bankruptcy Act, 11 U.S.C. § 522(b)." The statute does not specifically state that it is the exclusive source of exemptions in North Carolina.

There are a number of other exemptions provided by North Carolina law. These include payments made under the aid to families with dependent children program, N.C.G.S. § 108A–36; unemployment compensation, N.C.G.S. § 96–17(c); workers' compensation, N.C.G.S. § 97–21; and state pension benefits, N.C.G.S. § 135–9 among others. In his 1982 article on the 1982 amendments to the North Carolina Exemption Act, Professor Ralph Peeples states: "Like their 1981 predecessor, the 1982 amendments do not affect exemptions provided by North Carolina law other than article X or chapter 1C of the North Carolina General Statutes." "The Legislature Strikes Back: Exemptions, Part 2," 18 W.F.L.Rev. 1025, 1029 (1982).

Exemption statutes are to be construed liberally. 1A *Collier on Bankruptcy,* 14th ed., § 6.03[3] p. 798. *Matter of Smith,* 640 F.2d 888 (7th Cir.1981); *In re Ancira,* 5 B.R. 673 (Bkrtcy.N.D.Cal.1980).

There is no clear indication in N.C.G.S. §§ 1C–1601–1604 that the North Carolina General Assembly intended to repeal any statutes other than N.C.G.S. §§ 1–369 through 1–392. To find that N.C.G.S. §§ 1C–1601–1604 precludes the exemption granted by N.C.G.S. § 135–9 would be to determine that N.C.G.S. § 135–9 has been repealed by implication. Repeal by implication is not favored in North Carolina. *Commissioner of Insurance v. Automobile Rate Office,* 294 N.C. 60, 241 S.E.2d 324 (1978); *Person v. Garrett,* 280 N.C. 163, 184 S.E.2d 873, 874 (1971).

The North Carolina Supreme Court in *Person v. Garrett* stated that:

A statute is not deemed to be repealed merely by the enactment of another statute on the same subject. The later statute on the same subject does not repeal the earlier if both can stand, or where they are cumulative, and the court will give effect to statutes covering the same subject matter where they are not absolutely irreconcilable and when no purpose of repeal is clearly indicated. 280 N.C. 163, 165, 184 S.E.2d 873, 874 (1971).

This Court does not find that N.C.G.S. §§ 1C–1601–1604 and N.C.G.S. § 135–9 are "absolutely irreconcilable" or that a purpose of repeal is clearly indicated.

Therefore, N.C.G.S. §§ 1C–1601–1604 do not preclude the Debtor from claiming his State of North Carolina Retirement benefits as exempt property under N.C.G.S. § 135–9.

Therefore, IT IS ORDERED that the Debtor is entitled to all exemptions listed on Schedule B–4 and that the Trustee's objection to exemptions is DENIED.