STATE OF NORTH CAROLINA v. BARBARA WHITTLE

No. 9427SC509

(Filed 7 March 1995)

1. **Criminal Law § 37 (NCI4th)— misdemeanor more than two years before indictment—statute of limitations inapplicable**

   An indictment for a misdemeanor committed more than two years prior to the indictment is not outside the two-year statute of limitations period when the grand jury has, within two years of the crime, returned a presentment. N.C.G.S. §§ 15-1, 15A-641(c).

   **Am Jur 2d, Criminal Law §§ 223 et seq.**

   **What constitutes bringing an action to trial or other activity in case sufficient to avoid dismissal under state statute or court rule requiring such activity within stated time. 32 ALR4th 840.**

2. **Criminal Law § 14 (NCI4th)— willful improperly defined— prejudice on misdemeanor but not felony counts**

   In a prosecution of defendant for the felony of malfeasance of a corporation agent and two misdemeanors of violating the North Carolina Medical Care Commission Rules, the trial court erred in instructing the jury that willful means intentional without also informing the jury that to be willful the act or inaction must also be purposely and designedly in violation of law. With regard to the felony, defendant was not prejudiced by the court's improper instruction, but with regard to the misdemeanors, failure to instruct properly was prejudicial.

   **Am Jur 2d, Criminal Law § 135.**

   Judge LEWIS dissenting in part and concurring in part.

Appeal by defendant from judgment entered 12 April 1993 in Gaston County Superior Court by Judge Claude S. Sitton. Heard in the Court of Appeals 1 February 1995.

*Attorney General Michael F. Easley, by Assistant Attorney General Charles H. Hobgood, for the State.*

*Stephen T. Gheen for defendant-appellant.*

GREENE, Judge.

Barbara Whittle (defendant) appeals from a judgment imposing a suspended prison sentence after a jury returned verdicts of guilty to one felony charge, malfeasance of a corporation agent, in violation of N.C. Gen. Stat. § 14-254, and two misdemeanor counts, both for violations of the North Carolina Medical Care Commission Rules, under N.C. Gen. Stat. § 131E-109(d).

On 5 August 1991 the Gaston County Grand Jury returned a presentment requesting that "the District Attorney investigate" the matters alleged in the presentment and "if appropriate, submit a Bill of Indictment to the Grand Jury dealing with the subject matter of this Presentment." The allegations of the presentment were that the defendant had violated certain rules adopted by the North Carolina Medical Care Commission, in that she had·failed "to cause the implementation of nursing procedures for the daily charting of . . . the development of decubiti on Horace O. Keller" and that she had failed "to cause the implementation of nursing procedures for the special skin care and decubiti care related to Horace O. Keller." On 2 March 1992 the grand jury indicted the defendant for the same rule violations alleged in the presentment, alleging that the defendant acted "unlawfully and willfully." These alleged offenses constitute misdemeanors under N.C. Gen. Stat. § 131E-109(d). Additionally, on that same date, the grand jury indicted the defendant for making "false entries in the books, reports, and statements" of the Royal Crest Health Care Center, Inc. (Royal Crest), alleging that the defendant acted "unlawfully, willfully, and feloniously." This alleged offense constitutes a felony under N.C. Gen. Stat. § 14-254.

On 8 January 1993 the defendant moved to dismiss the misdemeanor charges "on the ground that the Statute of Limitations ran before the Grand Jury returned·the Indictment." This motion was denied by the trial court in a written order. In that order the trial court concluded that because the misdemeanor crimes charged "were presented by the Grand Jury within two years of the crimes" the Statute of Limitations did not bar their prosecution, even though the indictment was returned more than two years after the commission of the crimes.

The evidence offered at the trial shows that between July 1989 and June 1990 the defendant was the Director of Nursing at Royal Crest, a long term care facility licensed under the North Carolina

Division of Facility Services. The charges against the defendant arose from an investigation of the care received by Horace Keller (Keller) a patient at Royal Crest between 31 August 1989 and 21 September 1989. At some point between Keller's release from the hospital to Royal Crest and ultimate discharge from Royal Crest, Keller developed three decubitus ulcers (bedsores), one on each heel of his feet and one on his buttocks. The charges against the defendant allege that she falsified Keller's admission report by showing these bedsores existed at a Stage IV level (a high level, requiring surgery) at the time he was admitted to Royal Crest and that she failed to implement procedures for the daily charting of unusual conditions, like bedsores, and failed to implement procedures for special skin care and care of bedsores. The State presented evidence that these bedsores did not exist at the time Keller was admitted to Royal Crest, but formed thereafter, and the defendant changed Keller's admission records to reflect that the sores existed at the time he was admitted to Royal Crest.

At the conclusion of the evidence, the defendant requested the following special jury instruction:

> In each of these three cases against the defendant, she is alleged to have acted "willfully." Acting "willfully" means acting "voluntarily, intentionally, purposefully and deliberately, indicating a purpose to do it without authority, and in violation of law." The State is required to prove beyond a reasonable doubt that Barbara Whittle acted voluntarily, intentionally, purposefully and deliberately, indicating a purpose to act without authority and in violation of law.

The trial court denied the defendant's request and gave the following jury instruction on the element of "willful":

> *The word "willful" means intentionally. An act is done willfully when it is done intentionally.* I instruct you that intent is a mental attitude seldom provable by direct evidence. It must ordinarily be proved by circumstances from which it may be inferred. You arrive at the intent of a person by such just and reasonable deductions from the circumstances proven as a reasonably prudent person would ordinarily draw therefrom.

[Emphasis added.] Furthermore, the court provided the following jury instructions with regard to each offense:

**STATE v. WHITTLE**

[118 N.C. App. 130 (1995)]

Felony—Malfeasance of a corporate agent.

[T]he State must prove . . . beyond a reasonable doubt: . . . Fourth, that the entry was false. Fifth, that the defendant knew that the entry was false; and sixth, that the defendant willfully made the false entry regarding Horace Keller with the intent to deceive another person or corporation.

Misdemeanor—Charting.

[T]he State must prove . . . beyond a reasonable doubt: . . . and third that the defendant, Barbara Whittle, as director of nursing did willfully fail to cause the implementation of nursing procedures and policies for the daily charting of an unusual occurrence or acute episode relating to the development of decubiti on Horace O. Keller.

Misdemeanor—Special Care.

[T]he State must prove . . . beyond a reasonable doubt: . . . and third, that the defendant, Barbara Whittle, willfully failed to cause the implementation of nursing procedures for special skin care and decubiti care for Horace O. Keller . . . .

---

The issues presented are whether (I) an indictment for a misdemeanor committed more than two years prior to the indictment is outside the two year statute of limitations period, when the grand jury has, within two years of the crime, returned a presentment; and (II) the trial court committed reversible error in its instruction that "willful" means "intentional."

I

[1] The defendant argues that the misdemeanor indictments in this case must be dismissed because they were returned outside the two year statute of limitations. The State argues that although the indictment was returned more than two years after the commission of the crimes charged, the indictment must not be dismissed because the grand jury had, within two years of the crimes, returned a presentment. We agree with the State.

There is no dispute that North Carolina has adopted a two year statute of limitations for misdemeanors. Our legislature has specifically provided that:

> [A]ll misdemeanors except malicious misdemeanors, *shall be presented or found by the grand jury* within two years after the commission of the same, and not afterwards . . . .

N.C.G.S. § 15-1 (1983) (emphasis added). Our courts have consistently construed this language, which has not been altered since its adoption in 1826, to mean that either an indictment or a presentment issued by a grand jury within two years of the crime alleged "arrests the statute of limitations." *E.g.*, *State v. Underwood*, 244 N.C. 68, 70, 92 S.E.2d 461, 463 (1956). A presentment is "a written accusation by a grand jury, made on its own motion and filed with a superior court, charging a person, or two or more persons jointly, with the commission of one or more criminal offenses." N.C.G.S. § 15A-641(c) (1988). Upon the return of a presentment "the district attorney is obligated to investigate the factual background" and submit bills of indictment dealing with the subject matter only "when it is appropriate to do so." *Id.*

The defendant argues that when the legislature, in 1973, enacted the new Criminal Procedure Act and specifically N.C. Gen. Stat. § 15A-641(c), it necessarily changed the law that a presentment arrests the statute of limitations. In support of this argument, the defendant points to the language of Section 641(c) which states that a presentment no longer "institute[s] criminal proceedings."

To read N.C. Gen. Stat. § 15A-641 as the defendant suggests would require that we construe N.C. Gen. Stat. § 15A-641 as repealing N.C. Gen. Stat. § 15-1. That result is not required in this case. "A statute is not deemed to be repealed merely by the enactment of another statute on the same subject." *Person v. Garrett, Comm'r of Motor Vehicles*, 280 N.C. 163, 165, 184 S.E.2d 873, 874 (1971). Indeed, we are required to "give effect to statutes covering the same subject matter where they are not absolutely irreconcilable and when no purpose of repeal is clearly indicated." *Id.* at 165-66, 184 S.E.2d at 874.

In this case, there is no stated purpose in N.C. Gen. Stat. § 15A-641 that indicates the legislature intended to repeal N.C. Gen. Stat. § 15-1. Furthermore, N.C. Gen. Stat. § 15A-641 appears to be an effort by the legislature to codify the common law that permitted the use of presentments by grand juries but prohibited the arrest and trial of defendants on a presentment. *E.g.*, *State v. Thomas*, 236 N.C. 454, 458, 73 S.E.2d 283, 286 (1952); *see* N.C.G.S. § 15A-641 official commentary (1988). Thus, Section 15-1 has not been repealed and remains

a part of the law of this state and supports the order of the trial court denying the defendant's motion to dismiss.

Defendant further argues that allowing a presentment by a grand jury to "arrest the statute of limitations" may possibly result in prejudicial and unreasonable delay in prosecutions, in that the district attorney could wait years before seeking an indictment on the crimes alleged in the presentment. It is unnecessary for us to address this argument because there is no indication of abuse in the present case where the defendant was indicted seven months after the presentment.

## II

[2] The defendant next argues that the State was required to prove that she acted willfully, in both the felony and the misdemeanor charges, and that the instructions of the trial court were in error because the instructions improperly defined willfully. Without so deciding, we assume for the purposes of this opinion, that willfulness is an element of the felony charge. It is not disputed that willfulness is an element of the misdemeanor charges. N.C.G.S. § 131E-109 (1994) ("any person . . . who willfully fails to perform any act required by" rules adopted by the North Carolina Medical Care Commission). The question therefore is whether the trial court properly instructed the jury on the meaning of willfully.

The word "willfully" means "something more than an intention to commit the offense." *State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940). "It implies committing the offense purposely and designedly in violation of law." *Id.* In this case, the trial judge instructed the jury that " 'willful' means intentionally. An act is done willfully when it is done intentionally." Because the instruction did not inform the jury that to be "willful," the act or inaction must also be "purposely and designedly in violation of law," it was not complete. This error requires a new trial if there "is a reasonable possibility that, [had the correct instruction been given,] a different result would have been reached at the trial." N.C.G.S. § 15A-1443(a) (1988).

With regard to the felony, the defendant argues that a different result would have occurred at trial because without the correct definition of "willfully" the jury could have found the defendant guilty based on an honest error of judgment. We disagree. As the State argues in its brief:

[t]his argument ignores the trial court's instructions that the jury had to find that the defendant "knew the entry was false and that the defendant made the entry with the intent to deceive." The jury could not find that the defendant made an honest error and also that she knew the entry was false and acted with an intent to deceive. The two findings are mutually exclusive. If they believed she had made an honest error; they would have in effect found that the State failed to prove that she knew the entry was false or that she did not intend to deceive.

Thus, with regard to the felony, the defendant was not prejudiced by the failure of the trial court to correctly instruct the jury on the meaning of willfully.

With regard to the misdemeanors, we agree with the defendant that the failure to properly instruct on "willfully" was prejudicial. With the instructions given, a jury could have concluded that the defendant was guilty if they determined the defendant failed to act to ensure proper treatment and failed to ensure charting of unusual occurrences and acute episodes. With a proper instruction the jury would have understood that the defendant's decisions, even if intentional, were not necessarily a violation of the law. The jury should have been forced to consider whether these decisions were "purposely and designedly in violation of the law." This error requires a new trial.

Felony (92 CRS 5648, count 1)—No Error.

Misdemeanors (92 CRS 5648, counts 2 & 3)—New Trial.

Judge COZORT concur.

Judge LEWIS dissents in part and concurs in part.

Judge LEWIS dissenting in part and concurring in part.

I respectfully dissent as to the majority's conclusion that the trial court improperly instructed the jury on the meaning of "willfully" in the misdemeanor charges. As to the felony charge, I concur only with the majority's holding that there is no prejudicial error; I do not concur in the majority's reasoning; I therefore dissent. Since "willfully" does not appear in that part of N.C.G.S. § 14-254 that defines the felony of false entries by a corporation agent, it is not an element of

the offense. *See* N.C.G.S. § 14-254. In fact, "willfully" does not appear in the North Carolina pattern jury instruction for this offense. *See* N.C.P.I. Crim. § 218.22 (1992). Since defendant was not entitled to any instruction on willfulness, there was no prejudicial error to defendant in the instruction on willfulness that was given.

Furthermore, neither the felony statute (N.C.G.S. § 14-254) nor the misdemeanor statute (N.C.G.S. § 131E-109(d)) requires that "willfully" be defined in the jury instructions as "purposely and designedly in violation of law." In *State v. Stephenson*, that language appears but not in the context of mandated jury instructions. *See State v. Stephenson*, 218 N.C. 258, 264, 10 S.E.2d 819, 823 (1940). Neither *State v. Stephenson* nor *State v. Hales*, also relied upon by defendant, concerned jury instructions, and neither case dealt with the statutes at issue here. *See id; see State v. Hales*, 256 N.C. 27, 122 S.E.2d 768 (1961). The North Carolina pattern jury instruction for the G.S. § 14-254 felony charge does not require the instruction that defendant requests. *See* N.C.P.I. Crim. 218.22 (1992). No North Carolina pattern jury instruction for the misdemeanor charges has been identified by the parties nor have I found any.

I believe the jury could adequately understand the statutory language "willfully" without the addition of the term "purposely." In fact, we have held that the term "wilful" is common enough to be understood by a jury without being defined in the jury instructions. *State v. Flaherty*, 55 N.C. App. 14, 24, 284 S.E.2d 565, 572 (1981). Furthermore, by mandating the *Stephenson* language into instructions, the majority has amended the statutes to add as an additional element the requirement that the State prove defendants acted "purposely and designedly in violation of the law." These statutes do not require such proof and need neither to be amended nor complicated.

The majority say the "jury should have been <u>forced</u> to consider whether these decisions were purposely and designedly in violation of the law." Far from forcing the jury to consider anything, I would hold that the reasons for instructions are to assist the jury in finding the facts from the evidence in accord with the law.

"Willful" is an element in many crimes. E.g., N.C.G.S. § 5A-11 (1994) (criminal contempt); N.C.G.S. § 14-72.1 (1994) (concealment of merchandise in mercantile establishments); N.C.G.S. § 14-127 (1993) (willful and wanton injury to personal property); N.C.G.S. § 14-322 (1993) (abandonment and failure to support spouse and children). I do not believe that the language created by the majority has been

required by statute or case law to be a part of jury instructions for crimes with "willful" as an element.

I concur in the majority's holding that the trial court correctly denied defendant's motion to dismiss the misdemeanor counts of the indictment. N.C.G.S. § 15-1 (1983) clearly provides that either presentment <u>or</u> indictment tolls the statute of limitations for misdemeanors.