**In re Robert Paul ROMP, Debtor.**

No. 00–00424–5–ATS.

United States Bankruptcy Court,
E.D. North Carolina,
Raleigh Division.

June 13, 2000.

---

Karen N. Metcalf, Cary, NC, for Debtor.

Richard D. Sparkman, Angier, NC, Chapter 7 Trustee.

## ORDER REGARDING TRUSTEE'S OBJECTION TO EXEMPTIONS

A. THOMAS SMALL, Bankruptcy Judge.

The matter before the court is the objection filed by the chapter 7 trustee, Richard D. Sparkman, to the exemptions claimed by the chapter 7 debtor, Robert Paul Romp. A hearing was held in Raleigh, North Carolina on June 8, 2000.

The trustee has objected to the debtor's exemptions in the following property:

(1) All equity in residence (value in excess of liens is approximately $20,400) claimed pursuant to Article X, § 2(3) of the North Carolina Constitution.

(2) The cash value ($17,834) of a life insurance policy owned by the debtor and of which the debtor's four adult non-dependent children are beneficiaries. This exemption is claimed pursuant to Article X, § 5 of the North Carolina Constitution and pursuant to North Carolina General Statute § 58–58–115.

(3) Life insurance proceeds ($6,000) received by the debtor from an insurance policy insuring the life of the debtor's spouse. This exemption is claimed pursuant to North Carolina General Statute § 30–15.

(4) A 1993 Dodge Grand Caravan (value of $5,450) claimed pursuant to North Carolina General Statute § 1C–1601(a)(3) ($1,500) and North Carolina General Statute § 30–15 ($3,950).

■ *Equity in Residence.* The debtor's schedules list the debtor's residence as having a value of $128,000 and being subject to two liens totaling $107,600. The debtor claims that the equity of $20,400 is exempt pursuant to Article X, 2(3) of the

North Carolina Constitution which provides:

> Exemptions for benefit of surviving spouse. If the owner of a homestead dies, leaving a surviving spouse but no minor children, the homestead shall be exempt from the debts of the owner, and the rents and profits thereof shall insure to the benefit of the surviving spouse until he or she remarries, unless the surviving spouse is the owner of a separate homestead.

N.C. CONST., art. X § 2(3).

Article X, § 2(3) of the North Carolina Constitution protects property from claims against the deceased spouse but does not protect the property from claims against the debtor. In this case the debts appear to be joint debts, and the debtor cannot use Article X, § 2(3) of the North Carolina Constitution to protect the property from his creditors. Accordingly, the trustee's objection with respect to the exemption claimed by the debtor under North Carolina Constitution Article X, § 2(3) is **ALLOWED**. *See In re Sharik,* 41 B.R. 388 (Bankr.E.D.N.C.1984); *see also In re Ragan,* 64 B.R. 384 (Bankr.E.D.N.C.1986). Clearly, Mr. Romp may claim an exemption in his residence pursuant to North Carolina General Statute § 1C–1601(a)(1), and his exemption is **ALLOWED** under that statute to the extent of $10,000.

▪ *Cash Value of Life Insurance.* Mr. Romp is the owner of a life insurance policy which has a cash value of $17,834; the beneficiaries of the policy are Mr. Romp's adult non-dependent children. The debtor claimed the cash value of the insurance policy as exempt pursuant to Article X, § 5 of the North Carolina Constitution, North Carolina General Statute § 1C–1601(a)(6) and North Carolina General Statute § 58–58–115, and the trustee objects on the grounds that the beneficiaries are not dependent on the debtor for support. Mr. Romp argues that the North Carolina Constitution does not require that the children be minor children nor does it require that the children be dependent

upon the debtor for support. Article X, § 5 of the North Carolina Constitution (incorporated into the North Carolina exemption statute by North Carolina General Statute § 1C–1601(a)(6)) provides:

> A person may insure his or her own life for the sole use and benefit of his or her spouse or children or both, and upon his or her death the proceeds from the insurance shall be paid to or for the benefit of the spouse or children or both, or to a guardian, free from all claims of the representatives or creditors of the insured or his or her estate. Any insurance policy which insures the life of a person for the sole use and benefit of that person's spouse or children or both shall not be subject to the claims of creditors of the insured during his or her lifetime, whether or not the policy reserves to the insured during his or her lifetime any or all rights provided for by the policy and whether or not the policy proceeds are payable to the estate of the insured in the event the beneficiary or beneficiaries predecease the insured.

N.C. CONST., art. X, § 5. The court agrees with Mr. Romp that the North Carolina Constitution does not require the children to be minor children or to be dependent for support on the debtor. Accordingly, the trustee's objection to the debtor's claim of exemption in the cash value of life insurance is **DENIED**, and exemption in the cash value of life insurance is **ALLOWED**. As the property is exempt under Article X, § 5 of the North Carolina Constitution, the court need not address the effect of North Carolina General Statute § 58–58–115.

▪ *Life Insurance Proceeds.* Mr. Romp received $6,000 from a life insurance policy that insured his wife's life. Mr. Romp claims that the proceeds are exempt under North Carolina General Statute § 30–15. North Carolina General Statute § 30–15 provides:

> Every surviving spouse of an intestate or of a testator, whether or not he has

dissented from the will, shall, unless he has forfeited his right thereto as provided by law, be entitled, out of the personal property of the deceased spouse, to an allowance of the value of ten thousand dollars ($10,000) for his support for one year after the death of the deceased spouse. Such allowance shall be exempt from any lien, by judgment or execution, acquired against the property of the deceased spouse, and shall, in cases of testacy, be charged against the share of the surviving spouse.

N.C.GEN.STAT. § 30–15.

The trustee contends that Mr. Romp may not claim the exemption because the debtor may only claim exemptions pursuant to North Carolina General Statute § 1C–1601(a). The court has previously held that North Carolina debtors are not limited to the exemptions under North Carolina General Statute § 1C–1601(a). *See In re Hare,* 32 B.R. 16 (Bankr. E.D.N.C.1983). However, the court interprets North Carolina General Statute § 30–15 to protect assets of the deceased spouse only from claims of the deceased spouse's creditors. The assets transferred to the surviving spouse are not free from the surviving spouse's debts. Accordingly, the trustee's objection to the debtor's claim of exemption in the $6,000 insurance proceeds is **ALLOWED.**

*1993 Dodge Caravan.* The debtor claimed an exemption in a 1993 Dodge Grand Caravan automobile worth $5,450. The exemption was claimed pursuant to North Carolina General Statute § 30–15 ($3,950) and North Carolina General Statute § 1C–1601(a)(3) ($1,500). As previously stated, North Carolina General Statute § 30–15 protects assets of the deceased spouse from the deceased spouse's creditors but does not protect the property from the creditors of the surviving spouse. Accordingly, the trustee's objection to the debtor's claim of exemption under North Carolina General Statute § 30–15 in the Dodge Grand Caravan is **ALLOWED.** The debtor may claim the Dodge Grand Caravan as an exemption under North Carolina General Statute § 1C–1601(a)(3), but that exemption is limited to $1,500.

**SO ORDERED.**