## STATE v. DON WILLIAMS.

(Filed 20 October, 1909.)

**1. Indictment—Presentment—Limitation of Actions.**

> An indictment or presentment marks the beginning of the prosecution and arrests the running of the statute of limitations. Revisal, 3147.

**2. Nol. Pros. "With Leave"—Limitations of Actions.**

> After the entry of a *nol. pros.* "with leave," the prosecution remains as it was under the original finding of the grand jury upon the bill, and the statute does not begin to run therefrom so as to bar the further prosecution of the indictment under a *capias* and arrest eventually ordered and made, in this case more than two years after the entry of the *nol. pros.* with leave.

APPEAL by defendant from *W. J. Adams, J.,* February Term, 1909, of COLUMBUS.

The facts are stated in the opinion of the Court.

*Attorney-General* for the State.
*Grady & Williamson* for defendant.

WALKER, J. The defendant was tried on a bill of indictment for a nuisance, found by the grand jury at April Term, 1906, of the Superior Court of Columbus County, and appealed from the judgment of conviction. He relied upon the statute of limitations. A *nolle prosequi,* with leave to issue a *capias* upon the same bill, was entered at November Term, 1906. A *capias* was issued in December, 1908, and the defendant was arrested on 4 January, 1909. The court held that the statute did not bar the further prosecution of the indictment, and whether it does or not is the only question presented by the assignment of errors. An indictment or presentment marks the beginning of the prosecution, and arrests the running of the statute of limitations.

Revisal, sec. 3147; *State v. Cox,* 28 N. C., 440. "A *nolle prose-qui* in criminal proceedings does not amount to an acquittal of the defendant, but he may again be prosecuted for the same offense, or fresh process may be issued to try him on the same indictment, at the discretion of the prosecuting officer." *State v. Thornton,* 35 N. C., 257; *State v. Thompson,* 10 N. C., 613; *State v. Smith,* 129 N. C., 547. The Revisal, sec. 3273, provides as follows: "A *nolle prosequi* 'with leave' shall be entered in all criminal actions in which the indictment has been pending for two terms of court and the defendant has not been apprehended, and in which a *nolle prosequi* has not been entered, unless the judge, for good cause shown, shall order otherwise. The clerk of the Superior Court shall issue a *capias* for the arrest of any defend-ant named in any criminal action in which a *nolle prosequi* has been entered, when he has reasonable ground for believing that such defendant may be arrested, or upon the application of the solicitor of the district. When any defendant shall be arrested, it shall be the duty of the clerk to issue a subpœna for the wit-nesses for the State endorsed on the indictment." The prosecu-tion was not ended by the entering of the *nol. pros.* with leave. This is the same prosecution as it was originally. The other suggestions made in the defendant's brief are without any force and require no separate discussion. The defendant has had a fair trial, according to the forms and with all the safeguards of the law, and he must abide the result.