## STATE v. ARCHIE PRENTISS UNDERWOOD.

(Filed 2 May, 1956.)

**1. Constitutional Law § 32—**

In all misdemeanor cases where there has been a conviction in an inferior court that had final jurisdiction of the offense charged, upon appeal the defendant may be tried in the Superior Court upon the original warrant. Constitution of North Carolina, Article I, Section 12.

**2. Criminal Law § 7—**

In prosecutions for misdemeanors not requiring an indictment, the issuance of a warrant tolls the running of G.S. 15-1, and upon appeal from conviction in an inferior court, defendant is not entitled to quashal upon trial in the Superior Court upon the original warrant, even though the appeal is not called until more than two years after the commission of the offense.

JOHNSON, J., took no part in the consideration or decision of this case.

APPEAL by defendant from *Burgwyn, Emergency Judge,* January Term, 1956, of HARNETT.

This is a criminal action. The defendant was tried upon a warrant duly issued by the Clerk of the Recorder's Court of Harnett County on 29 June, 1953, charging that the defendant on 28 June, 1953, did unlawfully and wilfully operate a motor vehicle upon the public highways of the State of North Carolina, in said County, "while under the influence of intoxicants or narcotics." The defendant was found guilty, and from the judgment imposed appealed to the Superior Court.

When this case was called for trial on the original warrant in the Superior Court of Harnett County, the defendant moved that the warrant be quashed and especially plead the statute of limitations on the grounds that the crime charged in the warrant occurred more than two years prior to the term of court at which it was called for trial, and that no bill of indictment or presentment had been brought or found by the grand jury. The motion was denied and the defendant was tried and found guilty as charged. From the verdict and judgment imposed thereon the defendant appeals, assigning error.

*Attorney-General Rodman and Assistant Attorney-General Love for the State.*

*Taylor & Morgan for defendant.*

DENNY, J. The defendant's assignments of error, based on exceptions Nos. 1, 2, 3, 5 and 6, are bottomed on the refusal of the court below to sustain his motion to quash the warrant.

Section 15-1 of the General Statutes of North Carolina provides in pertinent part as follows: "All misdemeanors except malicious misdemeanors, shall be presented or found by the grand jury within two years after the commission of same, and not afterwards."

The question presented for decision is whether G.S. 15-1 requires a bill of indictment in order to toll the statute of limitations in those misdemeanor cases in which the defendant may be tried in the Superior Court on a warrant issued by an inferior court and without an indictment.

In *S. v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283, *Ervin, J.,* speaking for the Court, in an exhaustive opinion, reviewed the situations in which a defendant can be tried in the Superior Court only on an indictment found by a grand jury, and under what conditions a defendant may be tried in the Superior Court on a warrant issued by an inferior court. Our opinions clearly hold that where an appeal is taken to the Superior Court from a conviction in an inferior court, if the inferior court had final jurisdiction of the offense charged, the accused may be tried in the Superior Court on the original warrant and without an indictment of a grand jury. *S. v. Doughtie,* 238 N.C. 228, 77 S.E. 2d 642; *S. v.*

STATE *v.* UNDERWOOD.

*Thomas, supra; S. v. Turner,* 220 N.C. 437, 17 S.E. 2d 501; *S. v. Jones,* 145 N.C. 460, 59 S.E. 117; *S. v. Lytle,* 138 N.C. 738, 51 S.E. 66; *S. v. Thornton,* 136 N.C. 610, 48 S.E. 602; *S. v. Quick,* 72 N.C. 241.

It is provided in Section 12, Article I of the Constitution of North Carolina that, "No person shall be put to answer any criminal charge except as hereinafter allowed, but by indictment, presentment or impeachment," and the provisions of Section 13, Article I of the State Constitution provides that, "No person shall be convicted of any crime but by the unanimous verdict of a jury of good and lawful men in open court. The Legislature may, however, provide other means of trial for petty misdemeanors with the right of appeal." Our Legislature has provided other means of trial for petty misdemeanors with the right of appeal, as well as trial upon warrants pursuant to the exceptive phrase contained in Section 12, Article I of our Constitution. *S. v. Thomas, supra.* Therefore, we hold that in all misdemeanor cases, where there has been a conviction in an inferior court that had final jurisdiction of the offense charged, upon appeal to the Superior Court the accused may be tried upon the original warrant and that the statute of limitations is tolled from the date of the issuance of the warrant.

The case of *S. v. Hedden,* 187 N.C. 803, 123 S.E. 65, relied upon by the defendant, involved an entirely different factual situation from that involved in the present appeal. Hedden was charged with the abandonment of his wife and three children without cause on 11 September, 1921, and with thereafter failing to contribute anything to their support. The magistrate's warrant was issued on 25 October, 1922. Indictment was not found until 1 November, 1923. The committing magistrate did not have final jurisdiction of the offense charged but bound the defendant over to the Superior Court. Consequently, the defendant could not have been tried in the Superior Court on the original warrant, but only upon a bill of indictment, unless he had elected to waive the bill of indictment in the manner prescribed by law, which he did not do. Therefore, since the indictment was returned by the grand jury more than two years after the offense was committed, this Court held the defendant's motion for judgment as of nonsuit should have been allowed, citing *S. v. Fulcher,* 184 N.C. 663, 113 S.E. 769.

In criminal cases where an indictment or presentment is required, the date on which the indictment or presentment has been brought or found by the grand jury marks the beginning of the criminal proceeding and arrests the statute of limitations. G.S. 15-1; *S. v. Williams,* 151 N.C. 660, 65 S.E. 908.

While the defendant is not entitled to the relief he seeks on this appeal, nevertheless, we feel constrained to call attention to certain facts revealed by the record. Sixteen terms of criminal court were held

in the Superior Court of Harnett County between June 1953 and the term held in January 1956 at which the defendant was tried. The trial judge found as a fact "that the defendant had not been negligent in his attendance upon the court and that witnesses had been subpoenaed for the defendant each term." Such delay would seem to be indefensible. A defendant should be given a trial as promptly as the condition of the docket will permit. Furthermore, it is an imposition upon witnesses to require them to spend so much time attending court. We sincerely hope that with our increased judicial manpower, authorized by the last session of the General Assembly, our criminal and civil dockets in the Superior Court in the respective counties may be brought to a more current status within the very near future.

The defendant's remaining assignment of error has been abandoned. In the trial below we find

No error.

JOHNSON, J., took no part in the consideration or decision of this case.