STATE v. ROBERT M. HUNDLEY.

(Filed 12 January, 1968.)

**1. Indictment and Warrant § 14—**

    A motion to quash a warrant made for the first time in the Superior Court on appeal from a conviction in an inferior court may be determined by the judge of the Superior Court in his discretion.

**2. Indictment and Warrant § 6—**

    A warrant issued by a desk officer appointed by a chief of police is a void warrant and may not support a criminal prosecution based thereon.

**3. Criminal Law § 8—**

    The issuance of a void warrant in a misdemeanor prosecution does not toll the running of G.S. 15-1, and where on appeal from a conviction upon such warrant in an inferior court defendant is tried upon an identical in-

dictment returned by the grand jury more than two years after the commission of the offense, he is entitled to quashal of the indictment.

APPEAL by the State of North Carolina from *Braswell, J.,* January 16, 1967 Regular Criminal Session of WAKE.

On June 15, 1965, "E. M. Meekins, Desk Officer," issued three purported warrants for the arrest of defendant. Each charged that defendant, in violation of G.S. 105-236(7), by filing a false and fraudulent sales tax return, had wilfully attempted to evade and defeat the collection of sales tax by the State of North Carolina. The returns involved were those filed August 12, 1963, October 15, 1963, and May 14, 1964, for the months of July, 1963, September, 1963, and April, 1964, respectively. The purported warrants were made returnable to the City Court of Raleigh.

On November 5, 1965, after trial in the City Court of Raleigh, defendant was adjudged guilty of the criminal offenses charged in the purported warrants; and, from the judgments pronounced, defendant appealed to the superior court.

At said January 16, 1967 Session, the grand jury returned as true bills three indictments which, in substance, charged defendant with the commission of the identical offenses charged in said purported warrants.

The cases were called for trial in the superior court *upon said bills of indictment.* Before pleading thereto, defendant moved to quash each bill on the ground, *inter alia,* the indictment was returned more than two years after the alleged criminal offense. Thereupon, the State, over objection by defendant, offered in evidence each of the three warrants. Defendant moved to quash said warrants on the ground they were issued by an unauthorized person, to wit, a "Desk Officer."

The court quashed the warrants; and, allowing defendant's motion therefor, quashed the bills of indictment and dismissed the action.

The State, pursuant to G.S. 15-179, appealed.

*Attorney General Bruton and Assistant Attorney General Gunn for the State.*

*Vaughan S. Winborne for defendant appellee.*

BOBBITT, J. The purported warrants and the bills of indictment charge violations of G.S. 105-236(7), misdemeanors. They allege these criminal offenses were committed by defendant on August 12, 1963, and on October 15, 1963, and on May 14, 1964, respectively, by the filing of false and fraudulent sales tax returns on these dates.

The purported warrants were issued June 15, 1965, within two years after the alleged criminal offenses. The indictments were returned at said January 16, 1967 Session, more than two years after the alleged criminal offenses.

When the solicitor announced the State was proceeding on the indictments, defendant moved to quash on the ground, *inter alia,* that prosecution on said indictments was barred by the statute of limitations.

G.S. 15-1, the pertinent statute of limitations, provides: "The crimes of deceit and malicious mischief, and the crime of petit larceny where the value of the property does not exceed five dollars, and *all misdemeanors* except malicious misdemeanors, *shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards:* Provided, that if any indictment found within that time shall be defective, so that no judgment can be given thereon, another prosecution may be instituted for the same offense, within one year after the first shall have been abandoned by the State." (Our italics.) (Note: G.S. 105-236(7) as amended, effective July 1, 1967, by S. L. 1967, c. 1110, s. 9(a)(2), now provides a special three-year statute of limitations for prosecutions for violations thereof.)

G.S. 15-1 refers to criminal prosecutions based on grand jury action. For the distinction between a presentment and an indictment, see *State v. Morris,* 104 N.C. 837, 10 S.E. 454, and *State v. Thomas,* 236 N.C. 454, 73 S.E. 2d 283, and cases cited. Suffice to say, grand jury action is prerequisite to both. "In criminal cases where an indictment or presentment is required, the date on which the indictment or presentment has been brought or found by the grand jury marks the beginning of the criminal proceeding and arrests the statute of limitations. G.S. 15-1; *S. v. Williams,* 151 N.C. 660, 65 S.E. 908." *State v. Underwood,* 244 N.C. 68, 70, 92 S.E. 2d 461, 463.

G.S. 15-1 contains no reference to warrants. In *State v. Underwood, supra,* it was held "that in all misdemeanor cases, where there has been a conviction in an inferior court that had final jurisdiction of the offense charged, upon appeal to the Superior Court the accused may be tried upon the original warrant and that the statute of limitations is tolled from the date of the issuance of the warrant."

The court, in quashing the indictments and dismissing the actions, ruled correctly unless, as contended by the State, the running of the statute of limitations was tolled by the issuance of the purported warrants.

It does not appear defendant moved to quash the purported warrants in the City Court of Raleigh. However, as in *State v. Matthews,* 270 N.C. 35, 153 S.E. 2d 791, Judge Braswell, in his discretion, per-

mitted defendant to so move for the first time in the superior court. Having elected to entertain defendant's said motions to quash the warrants, Judge Braswell properly ruled, in accordance with *State v. Matthews, supra,* that the warrants should be quashed. Criminal prosecutions cannot be based on void warrants. Doubtless, the solicitor's awareness of the invalidity of the warrants caused him to obtain the bills of indictment and attempt to prosecute thereon.

In *State v. Wilson,* 227 N.C. 43, 46, 40 S.E. 2d 449, 451, Barnhill, J. (later C.J.), states: "At the trial in the Superior Court, on an appeal from an inferior court having exclusive original jurisdiction, the solicitor may amend the warrant, *S. v. Patterson,* 222 N.C. 179, 22 S.E. 2d 267, *S. v. Brown,* 225 N.C. 22, *S. v. Grimes,* 226 N.C. 523, or he may put the defendant on trial under a bill of indictment, charging the same offense, returned in the case. *S. v. Razook,* 179 N.C. 708, 103 S.E. 67; *S. v. Thornton,* 136 N.C. 610; *S. v. Crook,* 91 N.C. 536; *S. v. Quick,* 72 N.C. 241. The appeal vests jurisdiction in the court." In *State v. Razook,* 179 N.C. 708, 103 S.E. 67, Clark, C.J., states: "Whether the solicitor should send a bill to the grand jury and try the defendant upon the indictment, or upon the original warrant, was a matter entirely within his discretion." Application of these well established legal principles presupposes a *valid* warrant. The statute of limitations is not involved in any of the cited cases.

The purported warrants having been declared void, they must be considered void for all purposes. The issuance of such purported warrants does not toll the statute of limitations in respect of criminal prosecutions on bills of indictment.

The conclusion reached is that the attempted prosecutions on said indictments is barred by the statute of limitations. Hence, the action of the court in quashing the bills of indictment and in dismissing the actions is affirmed.

Affirmed.