CALABRIA, Judge.
 

 The express language of
 
 N.C. Gen. Stat. § 15-1
 
 required the State to prosecute defendant's misdemeanor charge within two years. Because the State failed to take any action in that time, prosecution was barred by the statute of limitations, and the trial court did not err in dismissing the charge.
 

 I. Factual and Procedural Background
 

 On 7 August 2012, Christopher Glenn Turner ("defendant") received a citation for driving while impaired. Defendant was arrested and brought before a magistrate, who issued a magistrate's order. Defendant was never charged via indictment, presentment, or warrant.
 

 On 26 November 2014, defendant moved to dismiss the charge, pursuant to
 
 N.C. Gen. Stat. §§ 15-1
 
 , 15A-953, and 15A-954, alleging the expiration of the statute of limitations. On 3 December 2014, defendant moved that he be charged in a new pleading, pursuant to N.C. Gen. Stat. § 15A-922(c). Judge Amy. S. Walker ("Judge Walker"), a District Court Judge in Caldwell County, held a hearing in response to defendant's motions. On 22 April 2015, Judge Walker entered a preliminary indication, holding that the statute of limitations barred prosecution of defendant. The State appealed to superior court.
 

 On 1 October 2015, the superior court affirmed Judge Walker's preliminary indication, citing the explicit language of
 
 N.C. Gen. Stat. § 15-1
 
 , and our Supreme Court's decision in
 
 State v. Underwood
 
 ,
 
 244 N.C. 68
 
 ,
 
 92 S.E.2d 461
 
 (1956). Thereafter, Judge Walker issued a final order of dismissal. The State appealed this dismissal, and on 15 January 2016, the Superior Court of Caldwell County entered an order affirming the dismissal.
 

 The State appeals.
 

 II. Standard of Review
 

 " 'Questions of statutory interpretation are questions of law, which are reviewed
 
 de novo
 
 by an appellate court. In conducting this review, we are guided by the following principles of statutory construction.' "
 
 State v. Largent,
 

 197 N.C.App. 614
 
 , 617,
 
 677 S.E.2d 514
 
 , 517 (2009) (quoting
 
 *289
 

 In Re Proposed As
 

 sessments v. Jefferson
 

 -
 

 Pilot,
 

 161 N.C.App. 558
 
 , 559-60,
 
 589 S.E.2d 179
 
 , 180-81 (2003) ). "Where the language of a statute is clear and unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning, and the courts are without power to interpolate, or superimpose, provisions and limitations not contained therein."
 

 Id.
 

 (internal quotation marks and citations omitted).
 

 State v. Williams
 
 ,
 
 218 N.C.App. 450
 
 , 451,
 
 725 S.E.2d 7
 
 , 8-9 (2012).
 

 "When reviewing the trial court's grant of a criminal defendant's motion to dismiss ... [w]e review the trial court's conclusions of law
 
 de novo
 
 ."
 
 State v. Price
 
 ,
 
 233 N.C.App. 386
 
 , 389,
 
 757 S.E.2d 309
 
 , 312 (citations omitted),
 
 writ denied, review denied, appeal dismissed,
 

 367 N.C. 508
 
 ,
 
 759 S.E.2d 90
 
 (2014).
 

 III. Statute of Limitations
 

 In its sole argument on appeal, the State contends that the trial court erred in dismissing defendant's driving while impaired charge because the citation tolled the statute of limitations. We disagree.
 

 The General Statutes provide a statute of limitations with respect to misdemeanors such as the one at issue:
 

 The crimes of deceit and malicious mischief, and the crime of petit larceny where the value of the property does not exceed five dollars ($5.00), and all misdemeanors except malicious misdemeanors,
 
 shall be presented or found by the grand jury within two years
 
 after the commission of the same, and not afterwards: Provided, that if any indictment found within that time shall be defective, so that no judgment can be given thereon, another prosecution may be instituted for the same offense, within one year after the first shall have been abandoned by the State.
 

 N.C. Gen. Stat. § 15-1
 
 (2015) (emphasis added). By its explicit language, this statute establishes a two-year statute of limitations on the misdemeanors listed.
 

 On appeal, however, the State contends that, pursuant to N.C. Gen. Stat. §§ 15A-921 and 15A-922, a citation constitutes a criminal pleading. Specifically, a "citation, ... or magistrate's order serves as the pleading of the State for a misdemeanor prosecuted in the district court[.]" N.C. Gen. Stat. § 15A-922(a) (2015). The State contends that this tolled the statute of limitations.
 

 The State cites several cases in support of its position. Primarily, the State relies upon our Supreme Court's decision in
 
 State v. Underwood
 
 ,
 
 244 N.C. 68
 
 ,
 
 92 S.E.2d 461
 
 (1956). The State contends that
 
 Underwood
 
 stands for the principle that, upon the issuance of a criminal pleading, the statute of limitations is tolled. However, we hold that the State's reliance is misplaced.
 

 Underwood
 
 is a successor case to
 
 State v. Hedden
 
 ,
 
 187 N.C. 803
 
 ,
 
 123 S.E. 65
 
 (1924). In
 
 Hedden
 
 , the defendant was arrested and charged with abandonment on 11 September 1921; a magistrate's warrant issued 25 October 1922, and an indictment issued on 1 November 1923, more than two years after the defendant's arrest. The defendant was subsequently tried, and his motion to dismiss was denied. On appeal, our Supreme Court held:
 

 There is no saving clause in this statute
 
 [1]
 
 as to the effect of preliminary warrants before a justice of the peace or other committing magistrate, and in our opinion on the facts of this record the law must be construed and applied as written. There must be a presentment or indictment within two years from the time of the offense committed and not afterwards.
 

 Id.
 
 at 805,
 
 123 S.E. at 65
 
 . The Supreme Court held that the trial court erred in denying the defendant's motion to dismiss, and reversed.
 

 More than thirty years later,
 
 Underwood
 
 revisited
 
 Hedden
 
 . In
 
 Underwood
 
 , the defendant was tried upon a warrant, which was issued on 29 June 1953. He appealed the matter to superior court, and raised the issue of the statute of limitations, moving to dismiss.
 

 *290
 
 This motion was denied, and the defendant appealed.
 
 Underwood
 
 ,
 
 244 N.C. at 69
 
 ,
 
 92 S.E.2d at 461-62
 
 . Our Supreme Court distinguished
 
 Underwood
 
 from
 
 Hedden
 
 , noting that
 
 Hedden
 
 "involved an entirely different factual situation from that involved in the present appeal."
 
 Id.
 
 at 70,
 
 92 S.E.2d at 463
 
 . The Court then went on to hold that, "[i]n criminal cases where an indictment or presentment is required, the date on which the indictment or presentment has been brought or found by the grand jury marks the beginning of the criminal proceeding and arrests the statute of limitations."
 

 Id.
 

 As a result, the Court found no error with the trial court's denial of the defendant's motion to dismiss.
 

 In the roughly sixty years since
 
 Underwood
 
 was decided, that case has only been held to apply to indictments, presentments, and warrants; never once has it been applied to citations or other forms of criminal pleading.
 
 See
 

 State v. Hundley
 
 ,
 
 272 N.C. 491
 
 , 493,
 
 158 S.E.2d 582
 
 , 583-84 (1968) (a warrant tolls the statute of limitations);
 
 State v. Gamez
 
 ,
 
 228 N.C.App. 329
 
 , 332,
 
 745 S.E.2d 876
 
 , 878 (2013) (an indictment or presentment tolls the statute of limitations);
 
 State v. Taylor
 
 ,
 
 212 N.C.App. 238
 
 , 249-50,
 
 713 S.E.2d 82
 
 , 90 (2011) (an indictment, presentment, or warrant tolls the statute of limitations);
 
 State v. Whittle
 
 ,
 
 118 N.C.App. 130
 
 , 134,
 
 454 S.E.2d 688
 
 , 690 (1995) (an indictment or presentment tolls the statute of limitations).
 

 The State's arguments to the contrary notwithstanding, the language of
 
 N.C. Gen. Stat. § 15-1
 
 is explicit: misdemeanors, such as the matter in the instant case, "shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards [.]"
 
 N.C. Gen. Stat. § 15-1
 
 . "Where the language of a statute is clear and unambiguous there is no room for judicial construction and the courts must give it its plain and definite meaning, and the courts are without power to interpolate, or superimpose, provisions and limitations not contained therein."
 
 Williams
 
 ,
 
 218 N.C.App. at 451
 
 ,
 
 725 S.E.2d at 8-9
 
 (citations and quotations omitted). Further,
 
 Hedden
 
 explicitly held that "[t]here is no saving clause in this statute as to the effect of preliminary warrants before a justice of the peace or other committing magistrate, and in our opinion on the facts of this record the law must be construed and applied as written."
 
 Hedden
 
 ,
 
 187 N.C. at 805
 
 ,
 
 123 S.E. at 65
 
 . And despite the holding in
 
 Underwood
 
 , we note that that case was specifically limited to "those misdemeanor cases in which the defendant may be tried in the Superior Court on a warrant issued by an inferior court and without an indictment."
 
 Underwood
 
 ,
 
 244 N.C. at 69
 
 ,
 
 92 S.E.2d at 462
 
 .
 

 We hold that
 
 Underwood
 
 , in which our Supreme Court considered whether a superior court could try a defendant based on a warrant issued by an inferior court, is distinguishable from the instant case. We further hold that the explicit language of
 
 N.C. Gen. Stat. § 15-1
 
 , as interpreted in
 
 Hedden
 
 , is binding upon this Court. The issuance of a citation did not toll the statute of limitations pursuant to
 
 N.C. Gen. Stat. § 15-1
 
 ; the State had two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment which would toll the statute of limitations. Because the State failed to do so, the statute of limitations expired, and the State was barred from prosecuting this action. The trial court did not err in dismissing the charge.
 

 AFFIRMED.
 

 Judges BRYANT and STEPHENS concur.
 

 [1]
 

 The statute in question was C.S. § 4512, a predecessor to
 
 N.C. Gen. Stat. § 15-1
 
 , which had substantially similar language.