IN THE SUPREME COURT OF NORTH CAROLINA

No. 441PA16

Filed 17 August 2018

STATE OF NORTH CAROLINA

v.

MARIAN OLIVIA CURTIS

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished decision of the Court of Appeals, ___ N.C. App. ___, 794 S.E.2d 561 (2016), affirming an order signed on 9 February 2016 by Judge Michael Duncan in Superior Court, Caldwell County. Heard in the Supreme Court on 6 November 2017.

*Joshua H. Stein, Attorney General, by Christopher W. Brooks, Special Deputy Attorney General, for the State-appellant.*

*Wilson, Lackey & Rohr, P.C., by Timothy J. Rohr, for defendant-appellee.*

JACKSON, Justice.

In this case we consider whether the two-year statute of limitations in N.C.G.S. § 15-1 bars the State from prosecuting defendant Marian Olivia Curtis for the misdemeanor offense of driving while impaired (DWI) when the State did not charge defendant by indictment or presentment and did not commence prosecution within that period. Because we conclude that other valid criminal pleadings listed in N.C.G.S. § 15A-921, including the citation issued to defendant in this case, toll the section 15-1 statute of limitations, we reverse the decision of the Court of Appeals

affirming the superior court's order affirming the district court's order of dismissal and we remand this case for further proceedings.

On 1 August 2012, defendant was cited for DWI. Defendant was also charged with driving left of center and possession of a Schedule II controlled substance. A magistrate's order was issued on 9 August 2012. On 21 April 2015, defendant filed with the District Court, Caldwell County her Objection to Trial on Citation and Motion for Statement of Charges and Motion to Dismiss. In her motion defendant argued that, because she was filing a pretrial objection pursuant to N.C.G.S. § 15A-922(c) to trial on a citation, the State typically would be required by the statute to file a statement of charges; however, because section 15-1 establishes a two-year statute of limitations for misdemeanors, defendant contended that her charges must be dismissed instead. That same day, the district court issued a Preliminary Indication that "defendant was never charged via indictment, presentment, or warrant," that "[t]he statute of limitations ha[d] not been tolled," and that "[i]t has been more than two years since the alleged date of [the] offense." Consequently, the district court determined that the statute of limitations in section 15-1 barred further prosecution of defendant and thus dismissed the charges.

On 29 April 2015, the State appealed the district court's Preliminary Indication to Superior Court, Caldwell County and moved for an order denying defendant's motion to dismiss on the basis that the magistrate's order served to toll the section

15-1 statute of limitations. The superior court issued an order on 1 October 2015 affirming the district court's Preliminary Indication, granting defendant's motion to dismiss, and remanding the case to the district court for entry of a final order dismissing the DWI charge. The district court entered the final order of dismissal on 15 October 2015, and on appeal to superior court, that final order was affirmed in an order signed on 9 February 2016. The State appealed the superior court's decision to the Court of Appeals.

Having determined that the procedural and legal issues in this case were identical to those before it in *State v. Turner*, ___ N.C. App. ___, 793 S.E.2d 287 (2016), the Court of Appeals adopted its reasoning in *Turner* and held that the district court had not erred in granting defendant's motion to dismiss. *State v. Curtis*, ___ N.C. App. ___, 794 S.E.2d 561, 2016 WL 7100635, at *1 (2016) (unpublished). Therefore, we look to *Turner*, which is also before this Court on appeal, for the reasoning of the Court of Appeals.[1]

The facts in *Turner* are substantially similar to those in this case. On 7 August 2012, the defendant, Christopher Glenn Turner, received a citation for driving while impaired, was arrested and brought before a magistrate who issued a magistrate's

---

[1] We allowed discretionary review of the decision of the Court of Appeals in *Turner* on 16 March 2017. For the reasons stated in our opinion here, we have filed a per curiam opinion reversing and remanding the decision of the Court of Appeals in *Turner*. *See State v. Turner*, ___ N.C. ___, ___ S.E.2d ___ (Aug. 17, 2018) (No. 440PA16).

order, and was never charged by indictment, presentment, or warrant. *Turner*, ___ N.C. App. at ___, 793 S.E.2d at 288. On 26 November 2014, the defendant moved to dismiss the charges on grounds that the statute of limitations in section 15-1 had expired. *Id.* at ___, 793 S.E.2d at 288. As in this case, the charge ultimately was dismissed and the State appealed that decision to the Court of Appeals. *Id.* at ___, 793 S.E.2d at 288. The Court of Appeals reasoned that section 15-1 creates a two-year statute of limitations for the misdemeanors listed therein because it provides that "[t]he crimes of deceit and malicious mischief, and the crime of petit larceny where the value of the property does not exceed five dollars ($5.00), and all misdemeanors except malicious misdemeanors, shall be presented or found by the grand jury within two years after the commission of the same." *Id.* at ___, 793 S.E.2d at 289 (emphasis omitted) (quoting N.C.G.S. § 15-1 (2015)). Because the Court of Appeals determined that this statutory language was both explicit and clear, the court concluded that it "must give [the statute] its plain and definite meaning," and was "without power to interpolate, or superimpose, provisions and limitations not contained therein." *Id.* at ___, 793 S.E.2d at 290 (quoting *State v. Williams*, 218 N.C. App. 450, 451, 725 S.E.2d 7, 8-9 (2012)). The Court of Appeals also relied on this Court's determination regarding section 15-1 in *State v. Hedden* that "[t]here is no saving clause in this statute as to the effect of preliminary warrants before a justice of the peace or other committing magistrate, and in our opinion on the facts of this record the law must be construed and applied as written." *Id.* at ___, 793 S.E.2d at

289 (quoting *Hedden*, 187 N.C. 803, 805, 123 S.E. 65, 65 (1924) (footnote omitted)). Consequently, the Court of Appeals held that "the State had two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment which would toll the statute of limitations," and affirmed dismissal of the DWI charge against the defendant because the State failed to pursue either course within that period. *Id.* at ___, 793 S.E.2d at 290.

On 16 March 2017, we allowed the State's petition for discretionary review of the decision of the Court of Appeals in this case. Before this Court, the State argues that any criminal pleading that establishes jurisdiction in the district court should toll the two-year statute of limitations in section 15-1 and therefore, that the Court of Appeals erred in holding that the State was barred from prosecuting this action due to expiration of the statute of limitations. We agree.

The issue before us is one of statutory interpretation. "The primary goal of statutory construction is to effectuate the purpose of the legislature in enacting the statute." *Liberty Mut. Ins. Co. v. Pennington*, 356 N.C. 571, 574, 573 S.E.2d 118, 121 (2002) (citations omitted). "The legislative purpose of a statute is first ascertained by examining the statute's plain language." *Id.* at 574, 573 S.E.2d at 121 (quoting *Correll v. Div. of Soc. Servs.*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). We "give the statute its plain meaning" when the statutory language is clear, but when the meaning of the statute is ambiguous or unclear, we "must interpret the statute to

give effect to the legislative intent." *Frye Reg'l Med. Ctr., Inc. v. Hunt*, 350 N.C. 39, 45, 510 S.E.2d 159, 163 (1999) (citing *Burgess v. Your House of Raleigh, Inc.*, 326 N.C. 205, 209, 388 S.E.2d 134, 136-37 (1990)).  Moreover, when "a literal interpretation of the language of a statute will lead to absurd results, or contravene the manifest purpose of the Legislature, as otherwise expressed, the reason and purpose of the law shall control and the strict letter thereof shall be disregarded."  *Id.* at 45, 510 S.E.2d at 163 (quoting *Mazda Motors of Am., Inc. v. Sw. Motors, Inc.*, 296 N.C. 357, 361, 250 S.E.2d 250, 253 (1979)).

Before its 1971 revision, our state constitution established that "[n]o person shall be put to answer any criminal charge, except as hereinafter allowed, but by indictment, presentment, or impeachment."  N.C. Const. of 1868, art. I, § 12.  From 1943 until 2017, section 15-1 stated that "all misdemeanors except malicious misdemeanors, shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards."  N.C.G.S. § 15-1 (2015).[2]  In *State v. Hundley* we recognized that this statute specifically "refers to criminal prosecutions based on grand jury action."  272 N.C. 491, 493, 158 S.E.2d 582, 583 (1968).  That view was based, at least in part, on our earlier decision in *State v.*

---

[2] While our decision in this case was pending, the General Assembly amended section 15-1 to provide that "all misdemeanors except malicious misdemeanors, shall be charged within two years after the commission of the same, and not afterwards."  Act of Oct. 5, 2017, ch. 212, sec. 5.3, 2017 N.C. Sess. Laws 1565, 1579 (codified at N.C.G.S. § 15-1 (2017)).

*Underwood.  See id.* at 493, 158 S.E.2d at 583 (citing *Underwood*, 244 N.C. 68, 70, 92 S.E.2d 461, 463 (1956)).

In *Underwood* a defendant moved to quash a warrant for driving while under the influence when, after appealing to the superior court from his conviction in the Recorder's Court of Harnett County based upon that warrant, the superior court did not hear his case and the State did not obtain a bill of indictment or presentment within two years of the commission of the crime charged.  244 N.C. at 69, 92 S.E.2d at 461-62.  In considering whether the statute of limitations in section 15-1 entitled the defendant to such relief, we necessarily addressed our previous decision on this topic in *State v. Hedden*, which defendant points to in support of her motion to dismiss here.  *See id.* at 70, 92 S.E.2d at 463.  In *Hedden* we had considered whether the statute of limitations that was the predecessor to section 15-1 could be tolled by a magistrate's warrant.[3]  187 N.C. at 804-05, 123 S.E. at 65-66.  We determined:

> There is no saving clause in this statute as to the
> effect of preliminary warrants before a justice of the peace

---

[3] Similar to the version of section 15-1 in effect during the events giving rise to this case, section 4512 of the Consolidated Statutes provided:

> All misdemeanors, and petit larceny where the value of the property does not exceed five dollars, except the offenses of perjury, forgery, malicious mischief, and other malicious misdemeanors, deceit, and the offense of being accessory after the fact, now made a misdemeanor, shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards.

1 N.C. Cons. Stat. § 4512 (1919).

> or other committing magistrate, and in our opinion on the
> facts of this record the law must be construed and applied
> as written. There must be a presentment or indictment
> within two years from the time of the offense committed
> and not afterwards.

*Id.* at 805, 123 S.E. at 65. In *Underwood*, though, we distinguished *Hedden* on the

basis that the committing magistrate who issued the warrant "did not have final

jurisdiction of the offense charged but bound the defendant over to the Superior

Court. Consequently, the defendant could not have been tried in the Superior Court

on the original warrant, but only upon a bill of indictment." *Underwood*, 244 N.C. at

70, 92 S.E.2d at 463.[4] We determined that section 15-1 directed only that "[i]n

criminal cases *where an indictment or presentment is required*, the date on which the

indictment or presentment has been brought or found by the grand jury marks the

beginning of the criminal proceeding and arrests the statute of limitations." *Id.* at

70, 92 S.E.2d at 463 (emphasis added) (citing N.C.G.S. § 15-1). We then held that:

> [I]n all misdemeanor cases, where there has been a
> conviction in an inferior court that had final jurisdiction of
> the offense charged, upon appeal to the Superior Court the
> accused may be tried upon the original warrant and that
> the statute of limitations is tolled from the date of the
> issuance of the warrant.

*Id.* at 70, 92 S.E.2d at 462.

---

[4] In other words, because of the locality-specific structure and jurisdiction of the inferior courts at the times that *Underwood* and *Hedden* were decided, the defendant in *Underwood* could be tried to final judgment, convicted, and sentenced based upon the warrant in that case, but the defendant in *Hedden* could only be held based upon the warrant at issue pending further action by a grand jury. Therefore, the *Underwood* warrant had the effect of tolling the statute of limitations and the *Hedden* preliminary warrant did not.

Defendant argues here that our holding in *Underwood* should be read to carve out a single exception to the plain language of section 15-1 to allow warrants to toll the statute of limitations. Defendant's attempt to distinguish *Underwood* from the present case elevates form over substance and is unpersuasive. Although our holding in *Underwood* addressed the specific factual circumstances of that case, the critical distinction we drew was more generally between crimes that require grand jury action to convey jurisdiction to the trial court and crimes that do not. *See Underwood*, 244 N.C. at 70, 92 S.E.2d at 463. For the latter, it would be absurd to require the State to charge a defendant by indictment or presentment in order to toll the statute of limitations when the State has already obtained an otherwise valid criminal pleading that conveys jurisdiction by satisfying the requirements of N.C.G.S. § 15A-924(a). *See State v. Brice*, 370 N.C. 244, 249, 806 S.E.2d 32, 36 (2017) (explaining that a criminal pleading is constitutionally sufficient and conveys jurisdiction to the trial court when the pleading "clearly [ ] apprise[s] the defendant . . . of the conduct which is the subject of the accusation" (quoting N.C.G.S. § 15A-924(a)(5) (2015))).

Since our decision in *Underwood*, the structure of the General Court of Justice as well as the allocation of subject-matter jurisdiction and the types of pleadings that may convey jurisdiction over criminal actions all have undergone substantive changes. The extensive amendments to Article IV of the 1868 constitution that were ratified in 1962 created the District Courts as a division of the new General Court of Justice, *see* N.C. Const. of 1868, art. IV, §§ 1-2, 8 (1962), and granted to the General

STATE V. CURTIS

*Opinion of the Court*

Assembly the power to "by general law uniformly applicable in every local court district of the State, prescribe the jurisdiction and powers of the District Courts," *id.* art. IV, § 10(3). In a provision that has remained unaltered since its enactment, the General Assembly subsequently directed that "the district court has exclusive, original jurisdiction for the trial of criminal actions, including municipal ordinance violations, below the grade of felony, and the same are hereby declared to be petty misdemeanors." *Compare* N.C.G.S. § 7A-272(a) (Supp. 1965), *with id.* § 7A-272(a) (2017). Following these changes in the structure and allocation of jurisdiction in the General Court of Justice, the text of the provision formerly denominated as Article I, Section 12 of the 1868 constitution was changed in the 1971 constitution to state that "[e]xcept in misdemeanor cases initiated in the District Court Division, no person shall be put to answer any criminal charge but by indictment, presentment, or impeachment." N.C. Const. art. I, § 22. As such, the General Statutes have directed since 1975 that "[t]he citation, criminal summons, warrant for arrest, or magistrate's order serves as the pleading of the State for a misdemeanor prosecuted in the district court, unless the prosecutor files a statement of charges, or there is objection to trial on a citation." *Compare* N.C.G.S. § 15A-922(a) (1975), *with id.* § 15A-922(a) (2017).

Defendant argues that the expansion of the scope of criminal pleadings for misdemeanor offenses contemplated in Article I, Section 22 does not mean that the scope of pleadings capable of tolling the two-year statute of limitations has also expanded. If the General Assembly desired that effect, defendant contends that

section 15-1 would provide for it explicitly. Here defendant again draws an overly technical distinction—one that fails to contemplate the purpose of the two-year statute of limitations in light of development of our State's laws governing criminal procedure.

We have recognized that the purpose of a statute of limitations such as section 15-1 is to "provide predictable, legislatively enacted limits on prosecutorial delay," thereby serving as "the primary guarantee against bringing overly stale criminal charges." *State v. Goldman*, 311 N.C. 338, 343, 317 S.E.2d 361, 364 (1984) (quoting *United States v. Lovasco*, 431 U.S. 783, 789, 97 S. Ct. 2044, 2048 (1977)). Because a criminal citation may now serve as the State's charging document for misdemeanors, *see* N.C.G.S. § 15A-922(a); *see also id.* § 20-138.1(c)-(d) (2017) (stating that "[i]mpaired driving as defined in this section is a misdemeanor," and "[i]n any prosecution for impaired driving, the pleading is sufficient if it states the time and place of the alleged offense in the usual form and charges that the defendant drove a vehicle on a highway or public vehicular area while subject to an impairing substance"), the purpose of the statute of limitations was satisfied by issuance of the citation to defendant.

Here defendant received a citation for driving while subject to an impairing substance. That citation was a constitutionally and statutorily proper criminal pleading that conveyed jurisdiction to the district court to try defendant for the misdemeanor crime charged. In light of our decision in *Underwood*, the changes to

criminal procedure and to our court system since the enactment of section 15-1, as well as our understanding of the general purpose of a criminal statute of limitations, we hold that the citation issued to defendant tolled the statute of limitations here. We cannot conclude that the General Assembly intended the illogical result that an otherwise valid criminal pleading that vests jurisdiction in the trial court would not also toll the statute of limitations. Accordingly, we reverse the decision of the Court of Appeals and remand this case to that court for remand to the Superior Court, Caldwell County, with instructions to vacate the 9 February 2016 Order Affirming District Court Order and for further proceedings not inconsistent with this opinion.

REVERSED AND REMANDED.