INMAN, Judge.
Defendant Anthony Arnaz Brown ("Defendant") appeals from a judgment in Buncombe County Superior Court following a jury verdict finding him guilty of driving while impaired ("DWI"). Defendant argues the trial court erred in denying his motion to dismiss the charge based on the statute of limitations. After reviewing the record and applicable law, we conclude that Defendant received a fair trial free from error.
Factual and Procedural Background
At or around 2:00 a.m. on 17 October 2014, Officer Ryan Craig ("Officer Craig") of the Asheville Police Department observed a blue Volvo SUV travel into the bicycle lane and make an illegal right turn on red while driving in downtown Asheville. After Officer Craig stopped Defendant's vehicle, he noticed Defendant smelled strongly of alcohol, had bloodshot and glassy eyes, and slurred his speech. Officer Craig administered standardized field sobriety tests, and, based on his observations of Defendant during those tests, formed an opinion that Defendant was impaired. After a portable breath test revealed the presence of alcohol on Defendant's breath, Officer Craig placed him under arrest, issued a citation for DWI and making an illegal right turn on red, and transported him to the Buncombe County Detention Center.
Upon Defendant withholding consent to test his breath for alcohol at the detention center, Officer Craig applied for and obtained a search warrant from a magistrate to obtain a blood sample. The blood sample was taken at 3:33 a.m., and Defendant's blood alcohol concentration was later determined to be .12.
Defendant was convicted of DWI and making an illegal right turn in Buncombe County District Court on 14 December 2016, and appealed for a trial de novo in the superior court. On 4 January 2017, Defendant moved to dismiss the DWI charge on the ground that the statute of limitations had run. The trial court denied the motion following a hearing on 10 April 2017.
Defendant's case came on for trial on 12 April 2017, and the jury found Defendant guilty of DWI the same day. The trial court sentenced Defendant to 60 days in jail, suspended that sentence, and placed Defendant on unsupervised probation for 12 months. The court also struck Defendant's appeal from the conviction for making an illegal turn on red, allowing the district court's judgment to stand.[1] Defendant gave oral notice of appeal in open court.
Analysis
As his lone issue on appeal, Defendant contends that the trial court erred in denying his motion to dismiss the DWI charge because the statute of limitations had run, pursuant to Section 15-1 of our General Statutes. In support of this contention, Defendant relies on this Court's decision in another DWI case, State v. Turner , --- N.C. App. ----, 793 S.E.2d 287 (2016), rev'd , --- N.C. ----, 817 S.E.2d 173 (2018), which held that the issuance of a citation did not toll the two-year statute of limitations. Id. at ----, 793 S.E.2d at 290. The Court in Turner concluded that, pursuant to Section 15-1, "the State had two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment which would toll the statute of limitations." Id. at ----, 793 S.E.2d at 290.
Defendant contends that the statute of limitations for his offense of DWI is also found in Section 15-1, which provided that "all misdemeanors except malicious misdemeanors[ ] shall be presented or found by the grand jury within two years after the commission of the same." N.C. Gen. Stat. § 15-1 (2015) (emphasis added). Defendant concludes that, like Turner , his citation for DWI did not satisfy the means of tolling the statute of limitations described in Section 15-1, and that his DWI conviction must be vacated because "the State [failed in] two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment." Turner , --- N.C. App. at ----, 793 S.E.2d at 290.
Following the filing of Defendant's brief with this Court, our Supreme Court issued opinions overturning this Court's decision in Turner . State v. Turner , --- N.C. ----, 817 S.E.2d 173 (2018) ; State v. Curtis , --- N.C. ----, 817 S.E.2d 187 (2018). In Curtis , our Supreme Court rejected Turner 's interpretation of Section 15-1 : "We cannot conclude that the General Assembly intended the illogical result that an otherwise valid criminal pleading that vests jurisdiction in the trial court would not also toll the statute of limitations[,]" and instead concluded that "the purpose of the statute of limitations was satisfied by issuance of the citation to defendant." Curtis , --- N.C. at ----, 817 S.E.2d at 191.
Our Supreme Court's interpretation of Section 15-1 controls in this case. As was the case in Curtis , that "the citation issued to [the] defendant tolled the statute of limitations," Id. at ----, 817 S.E.2d at 191, Defendant's contention on appeal is without merit, and we conclude that Defendant received a fair trial free from error.
NO ERROR.
Report per Rule 30(e).
Chief Judge MCGEE and Judge HUNTER, JR. concur.

Defendant does not appeal from this ruling.