TYSON, Judge.
Donté Lamar Bradshaw ("Defendant") appeals from convictions for driving while impaired ("DWI") and speeding more than fifteen miles per hour over the posted speed limit. We dismiss in part and find no error in part.
I. Background
On 28 December 2014, North Carolina Highway Patrol Trooper Kevin Glenn was operating stationary radar surveillance on Interstate 240 West near downtown Asheville. At approximately 2:20 a.m., Trooper Glenn observed a silver Mercedes-Benz traveling toward him at a high rate of speed. Trooper Glenn "locked in" the speed of the vehicle as sixty-seven miles per hour in a fifty mile-per-hour zone.
Trooper Glenn initiated a stop of the vehicle, which was driven by Defendant. Defendant had a strong odor of alcohol on his breath, and his eyes were "very red and glassy." When Trooper Glenn asked Defendant where he was coming from, Defendant responded that he had attended a Christmas Eve party, although it was three days after Christmas. Trooper Glenn administered standard field sobriety tests, as well as two portable breath tests which produced positive results.
Based on his observations and the results of the portable breath tests, Trooper Glenn formed an opinion that Defendant was appreciably impaired. Trooper Glenn placed Defendant under arrest, issued him a citation for DWI and speeding more than fifteen miles per hour over the speed limit, and transported him to the Buncombe County Detention Center.
At the detention center, Defendant submitted to a chemical analysis of his breath for alcohol. The analysis was performed at approximately 3:20 a.m., and Defendant's blood alcohol concentration was determined to be .12. Defendant then appeared before the magistrate, who issued a magistrate's order.
On 24 January 2017, Defendant pled guilty to DWI in Buncombe County District Court. Defendant's speeding charge was dismissed. Defendant appealed to the superior court. On 30 January 2017, Defendant filed a motion to dismiss the DWI charge, arguing that the two-year statute of limitations had expired.
Defendant's case was called for trial on 15 March 2017. Prior to jury selection, the trial court considered Defendant's motion to dismiss. After hearing arguments from both parties, the trial court denied the motion.
The jury found Defendant guilty of DWI and speeding in excess of fifteen miles per hour over the posted speed limit. For the DWI conviction, the trial court imposed a suspended sentence of sixty days in the misdemeanant confinement program and placed Defendant on supervised probation for eighteen months. For the speeding conviction, the trial court orally ordered Defendant to pay a $50 fine. Defendant gave notice of appeal in open court.
II. Jurisdiction
Jurisdiction lies with this Court pursuant to N.C. Gen. Stat. §§ 7A-27(b) and 15A-1444 (2017).
III. Issues
Defendant argues the trial court erred in denying his motion to dismiss his charges for DWI and driving fifteen miles per hour over the posted speed limit. Defendant contends the two-year statute of limitations provided by N.C. Gen. Stat. § 15-1 (2014) barred prosecution for these charges.
IV. Standard of Review
"Where there is no dispute over the relevant facts, a lower court's interpretation of a statute of limitations is a conclusion of law that is reviewed de novo on appeal." Goetz v. N.C. Dep't. of Health & Human Servcs ., 203 N.C. App. 421, 425, 692 S.E.2d 395, 398 (2010) (citation omitted).
V. Analysis
A. Speeding
Defendant's argument in his brief indicates that he intended to appeal from the judgment entered upon his speeding conviction. No such judgment is included in the record on appeal. The only judgment that appears in the record was the judgment entered upon Defendant's conviction for DWI. There is no indication in the record on appeal or the transcript that the trial court consolidated the offenses for judgment.
"On appeal in criminal cases, the indictment or warrant, and the plea on which the defendant was tried in the court below, the verdict, and the judgment appealed from, are essential parts of the transcript." State v. Hunter, 245 N.C. 607, 608, 96 S.E.2d 840, 841 (1957) ; see also N.C. R. App. P. 9(a)(3)(g) ("The record on appeal in criminal actions shall contain: ... copies of the verdict and of the judgment, order, or other determination from which the appeal is taken"). "It is the appellant's duty and responsibility to see that the record is in proper form and complete." State v. Alston, 307 N.C. 321, 341, 298 S.E.2d 631, 644-45 (1983).
This Court has consistently held that the judgment in a criminal case is a necessary part of the record on appeal, the omission of which will result in dismissal of the appeal. See, e.g., State v. Harvell, 45 N.C. App. 243, 246, 262 S.E.2d 850, 852 (1980) ; State v. Gilliam, 33 N.C. App. 490, 491, 235 S.E.2d 421, 422 (1977). Defendant's appeal of his speeding conviction is dismissed.
B. Driving While Impaired
Defendant argues that the trial court erred in denying his motion to dismiss the DWI charge because the two-year statute of limitations had expired. Defendant contends that the trial court was bound by this Court's decision in another DWI case, State v. Turner , --- N.C. App. ----, 793 S.E.2d 287 (2016), rev'd , --- N.C. ----, 817 S.E.2d 173 (2018). The defendant in Turner received a citation for DWI and was brought before a magistrate, who issued a magistrate's order. Id. at ----, 793 S.E.2d at 288. The defendant "was never charged via indictment, presentment, or warrant." Id. This Court cited the limitations contained in N.C. Gen. Stat. § 15-1 (2015), which provided that "all misdemeanors except malicious misdemeanors, shall be presented or found by the grand jury within two years after the commission of the same, and not afterwards[.]" Id. at ----, 793 S.E.2d at 288-89 (quoting N.C. Gen. Stat. § 15-1 (2015) ). The Court in Turner held "[t]he issuance of a citation did not toll the statute of limitations pursuant to N.C. Gen. Stat. § 15-1 ; the State [had failed within] the two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment which would toll the statute of limitations." Id. at ----, 793 S.E.2d at 290.
Defendant asserts that, as was the case in Turner , the criminal pleadings in his case did not toll the statute of limitations contained in N.C. Gen. Stat. § 15-1. Defendant contends that his conviction for DWI must be reversed and the charge dismissed where the State failed "within two years to either commence the prosecution of its case, or to issue a warrant, indictment, or presentment which would toll the statute of limitations." Turner , --- N.C. App. at ----, 793 S.E.2d at 290.
Following the filing of Defendant's brief with this Court, our Supreme Court issued opinions overturning this Court's decision in Turner . State v. Turner , --- N.C. ----, 817 S.E.2d 173 (2018) ; State v. Curtis , --- N.C. ----, 817 S.E.2d 187 (2018). In Curtis , our Supreme Court rejected this Court's interpretation of N.C. Gen. Stat. § 15-1, stating "[w]e cannot conclude that the General Assembly intended the illogical result that an otherwise valid criminal pleading that vests jurisdiction in the trial court would not also toll the statute of limitations[.]" The Court instead concluded that "the purpose of the statute of limitations was satisfied by issuance of the citation to defendant." Curtis , --- N.C. at ----, 817 S.E.2d at 191.
Our Supreme Court's interpretation of N.C. Gen. Stat. § 15-1 controls the outcome in this case. See Mahoney v. Ronnie's Road Service , 122 N.C. App. 150, 153, 468 S.E.2d 279, 281 (1996) ("it is elementary that we are bound by the rulings of our Supreme Court"), aff'd per curiam , 345 N.C. 631, 481 S.E.2d 85 (1997). Here, as was the case in Curtis , the citation issued to Defendant tolled the statute of limitations. See Curtis, --- N.C. at ----, 817 S.E.2d at 191. The trial court did not err in denying Defendant's motion to dismiss the DWI charge on the ground that the statute of limitations had expired. Defendant's argument is overruled.
VI. Conclusion
Defendant failed to include the judgment entered upon his speeding conviction in the record on appeal. Defendant's appeal of his conviction for speeding in excess of fifteen miles per hour over the posted speed limit is dismissed.
The trial court did not err in denying Defendant's motion to dismiss the DWI charge because the citation issued to Defendant tolled the two-year statute of limitations. Curtis , --- N.C. at ----, 817 S.E.2d at 191. Defendant received a fair trial, free from prejudicial error he preserved and argued. It is so ordered .
DISMISSED IN PART; NO ERROR IN PART.
Report per Rule 30(e).
Judges BRYANT and ARROWOOD concur.