MURPHY, Judge.
 

 *365
 

 *223
 
 Defendant, Harvey Lee Stevens, Jr., was charged by citation for two counts of misdemeanor death by motor vehicle. The State subsequently filed a misdemeanor statement of charges charging Defendant
 
 *224
 
 with the same two offenses. While this action was pending in District Court, the grand jury made a presentment and subsequently returned an indictment for two counts of misdemeanor death by motor vehicle. Defendant moved to dismiss the charges in Superior Court, arguing the presentment and indictment were returned more than two years after the commission of the offense in violation of the statute of limitations for misdemeanors in N.C.G.S. § 15-1. The trial court allowed Defendant's motion.
 

 A citation and misdemeanor statement of charges, as valid criminal pleadings, toll the two-year statute of limitations for misdemeanors set out in N.C.G.S. § 15-1. The statute of limitations remains tolled by the criminal pleadings while that action is pending. When a presentment and indictment are returned in Superior Court during the tolling period, N.C.G.S. § 15-1 does not bar prosecution based upon the indictment. We reverse the trial court's order allowing Defendant's motion to dismiss.
 

 BACKGROUND
 

 On 24 December 2013, Defendant was charged by
 
 Citation
 
 and
 
 Magistrate's Order
 
 with two counts of misdemeanor death by motor vehicle arising out of an accident on Interstate 40 in Catawba County. Defendant's case was pending in Catawba County District Court from this time until 21 December 2015, when a
 
 Misdemeanor Statement of Charges
 
 was filed charging Defendant with two counts of misdemeanor death by motor vehicle. The matter was continued in District Court on 3 March 2016 to 23 June 2016.
 

 Before Defendant's charges were heard in the District Court on 23 June 2016, the grand jury in Catawba County made a
 
 Presentment
 
 for the two counts of misdemeanor death by motor vehicle on 7 March 2016 and subsequently returned an
 
 Indictment
 
 for the same charges on 21 March 2016. Defendant filed a
 
 Motion to Dismiss
 
 in Catawba County Superior Court, arguing "the statute of limitations ha[d] run" on the two offenses. The trial court allowed Defendant's motion, concluding the Defendant was charged with the two offenses by indictment "after the two[-]year statute of limitations had run" and that the "statute of limitations bars further prosecution on the Defendant." The State timely appealed.
 

 ANALYSIS
 

 The State argues the trial court erred in concluding the 21 March 2016 indictment charging Defendant with two counts of misdemeanor death by motor vehicle was returned after the two-year statute of
 
 *225
 
 limitations. More specifically, it argues the statute of limitations from the date of offense was tolled by the misdemeanor statement of charges at the time the indictment was issued. Accordingly, it asserts it was not barred from issuing the indictment. We agree.
 

 The State does not challenge any findings of fact in the trial court's order, so those findings of fact are binding on appeal.
 
 State v. Biber
 
 ,
 
 365 N.C. 162
 
 , 167-68,
 
 712 S.E.2d 874
 
 , 878 (2011). "Conclusions of law drawn by the trial court from its findings of fact are reviewable
 
 de novo
 
 on appeal."
 
 State v. Williams
 
 ,
 
 362 N.C. 628
 
 , 632,
 
 669 S.E.2d 290
 
 , 294 (2008) (citation and internal quotation marks omitted). "Under a
 
 de novo
 
 review, the court considers the matter anew and freely substitutes its own judgment for that of the lower tribunal."
 
 Id.
 
 at 632-33,
 
 669 S.E.2d at 294
 
 . Whether a defendant is entitled to dismissal of the charges against him or her is a conclusion of law.
 
 Id.
 
 at 632,
 
 669 S.E.2d at 294
 
 .
 

 N.C.G.S. § 15-1 sets forth the statute of limitations for misdemeanors. The version of the statute in effect from 1943 to 2017, the relevant time period for the events occurring herein, stated that "all misdemeanors except malicious misdemeanors, shall be presented or found by the grand jury within two years after the commission of the same, and not
 
 *366
 
 afterwards[.]"
 
 [1]
 
 N.C.G.S. § 15-1 (2015). In
 
 State v. Curtis
 
 ,
 
 371 N.C. 355
 
 ,
 
 817 S.E.2d 187
 
 (2018), our Supreme Court addressed the types of criminal pleadings required to toll the two-year statute of limitations in this version of the statute. In
 
 Curtis
 
 , the defendant was issued a citation for driving while impaired, and a magistrate's order was issued on that charge (among others).
 

 Id.
 

 at 356
 
 ,
 
 817 S.E.2d at 187-88
 
 . Over two years later, the defendant objected to trial on citation and moved to dismiss the charges.
 

 Id.
 

 at 356
 
 ,
 
 817 S.E.2d at 188
 
 . "In her motion [the] defendant argued that, because she was filing a pretrial objection ... to trial on citation, the State typically would be required by the statute to file a statement of charges; however, because [N.C.G.S §] 15-1 establishes a two-year statute of limitations for misdemeanors, [the] defendant contended that her charges must be dismissed instead."
 

 Id.
 

 Our Supreme Court disagreed with this argument and reversed the trial court's order allowing the defendant's motion to dismiss. It found that the citation, as a valid criminal pleading, tolled the two-year statute of limitations set out in N.C.G.S. § 15-1. The Court reasoned:
 

 *226
 
 That citation was a constitutionally and statutorily proper criminal pleading that conveyed jurisdiction to the district court to try defendant for the misdemeanor crime charged. In light of our decision in
 
 Underwood
 
 , the changes to criminal procedure and to our court system since the enactment of section 15-1, as well as our understanding of the general purpose of a criminal statute of limitations, we hold that the citation issued to defendant tolled the statute of limitations here. We cannot conclude that the General Assembly intended the illogical result that an otherwise valid criminal pleading that vests jurisdiction in the trial court would not also toll the statute of limitations.
 

 Id.
 

 at 362
 
 ,
 
 817 S.E.2d at 191
 
 .
 

 In the case before us, a citation was issued on 24 December 2013 for two counts of misdemeanor death by motor vehicle, and a misdemeanor statement of charges was filed on 21 December 2015. As valid criminal pleadings under N.C.G.S. § 15A-921 that conveyed jurisdiction to the District Court,
 
 Curtis
 
 makes clear that this citation, and subsequently the misdemeanor statement of charges, tolled the two-year statute of limitations under N.C.G.S. § 15-1. Yet, this case presents an additional question not directly addressed in
 
 Curtis
 
 : whether the State may prosecute an offense in Superior Court upon an indictment returned more than two years after the commission of the offense but while a valid criminal pleading has tolled the statute of limitations. Defendant argues the indictment was a new criminal pleading that "annulled the criminal process initially instituted in District Court" and that, because it was returned more than two years after the commission of the offense, prosecution based on the indictment was barred by the statute of limitations. In contrast, the State argues "the statute of limitations was tolled by the citation and statement of charges and [it] was not barred from later seeking an indictment" while the statute of limitations was tolled by an active case in District Court. We agree with the State.
 

 To "toll" the statute of limitations means to arrest or suspend the running of the time period in the statute of limitations.
 
 See
 

 State v. Underwood
 
 ,
 
 244 N.C. 68
 
 , 70,
 
 92 S.E.2d 461
 
 , 463 (1956) (describing tolling as arresting the statute of limitations). In other words, the statute of limitations ceases to run while it is tolled.
 
 See, e.g.,
 

 Chardon v. Fumero Soto
 
 ,
 
 462 U.S. 650
 
 , 652,
 
 103 S.Ct. 2611
 
 ,
 
 77 L. Ed. 2d 74
 
 , 78 n.1 (1983) (describing tolling "to mean that, during the relevant period, the statute of limitations ceases to run"). Moreover, the statute of limitation continues to be tolled "as long as the action is alive ...."
 
 See
 

 Long v. Fink
 
 ,
 
 80 N.C. App. 482
 
 , 485,
 
 342 S.E.2d 557
 
 , 559 (1986).
 

 *227
 
 The citation and magistrate's order for two counts of misdemeanor death by motor vehicle commenced an action in District
 
 *367
 
 Court and, for the reasons discussed above, tolled the two-year statute of limitations in N.C.G.S. § 15-1. The misdemeanor statement of charges continued to toll the statute of limitations. While that action based upon the misdemeanor statement of charges was pending, the statute of limitations remained tolled. The statute of limitations was suspended and ceased to run during the pendency of this action. When the presentment was made and subsequent indictment was returned in Superior Court, the action based upon the original citation and magistrate's order and the later misdemeanor statement of charges was still pending. There is nothing in the record to indicate that action had been dismissed or abandoned by the State when the presentment and indictment were returned. Thus, at the time the Superior Court obtained jurisdiction through the presentment and indictment, the statute of limitations in N.C.G.S. § 15-1 was suspended and could not bar prosecution.
 

 Defendant argues that the presentment and indictment initiated a new proceeding and "annulled the criminal process" in District Court based on the citation. Accordingly, he argues the two-year statute of limitations was not tolled when the Superior Court obtained jurisdiction through the presentment and indictment and barred prosecution. This argument is unavailing. The Superior Court may acquire jurisdiction of a misdemeanor "in any action
 
 already properly pending in the [D]istrict [C]ourt
 
 if the grand jury issues a presentment and that presentment is the first accusation of the offense within superior court."
 
 State v. Gunter
 
 ,
 
 111 N.C. App. 621
 
 , 624,
 
 433 S.E.2d. 191
 
 , 193 (1993) (emphasis added);
 
 see also
 

 State v. Cole
 
 , --- N.C. App. ----,
 
 822 S.E.2d 456
 
 (2018) (Superior Court held concurrent jurisdiction with the District Court over a DWI charge when the grand jury returned a presentment and subsequent indictment). If an action in District Court was properly pending, as it was here, the statute of limitations continued to be tolled.
 

 CONCLUSION
 

 The statute of limitations in N.C.G.S. § 15-1 was tolled at the time the grand jury returned a presentment and subsequent indictment and, therefore, did not bar prosecution based on this indictment in Superior Court. We reverse the trial court's order allowing Defendant's motion to dismiss.
 

 REVERSED AND REMANDED.
 

 Judges DIETZ and ZACHARY concur.
 

 [1]
 

 N.C.G.S. § 15-1 has since been amended to provide that "all misdemeanors except malicious misdemeanors, shall be charged within two years after the commission of the same, and not afterwards." Act of Oct. 5, 2017, ch. 212, sec. 5.3,
 
 2017 N.C. Sess. Laws 1565
 
 , 1579 (codified at N.C.G.S. § 15-1 (2017) ).